UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

AL GAMMARINO, Trustee  :  CASE NO. 1:22 CV 200
3020 Glenfarm Court   :
Cincinnati, Ohio  45236  :  (Judge Cole)
        :
  and     :
        :  AMENDED COMPLAINT AND JURY
AL GAMMARINO   :  DEMAND ENDORSED HEREON
3020 Glenfarm Court   :
Cincinnati, Ohio 45236  :  REFILED PURSUANT TO COURT ORDER
        :
  and     :
        :
CATHY GAMMARINO  :
3020 Glenfarm Court   :
Cincinnati, Ohio  45236  :
        :
  and     :
        :
ANTHONY GAMMARINO, individually, :
and ANTHONY GAMMARINO, Trustee :
725 Mohican Drive   :
Loveland, Ohio 45140   :
        :
    Plaintiffs  :
        :
  -vs.-     :
        :
SYCAMORE TOWNSHIP  :
c/o, Deepak K. Desai   :
Sycamore Township Law Director :
8540 Kenwood Road   :
Cincinnati, Ohio 45236  :
        :
  and     :
        :

1

TOM JAMES, individually                          :
and in his representative capacity as            :
Township Trustee of Sycamore Township            :
8540 Kenwood Road                                :
Cincinnati, Ohio  45236                          :
                                                 :
            and                                  :
                                                 :
JIM LABARBARA, individually                      :
and in his representative capacity as            :
Township Trustee                                 :
8540 Kenwood Road                                :
Cincinnati, Ohio  45236                          :
                                                 :
            and                                  :
                                                 :
TOM WEIDMAN, individually                        :
and in his representative capacity as            :
Township Trustee                                 :
8540 Kenwood Road                                :
Cincinnati, Ohio  45236                          :
                                                 :
            and                                  :
                                                 :
SKYLOR MILLER, individually                      :
and in his representative capacity as            :
Sycamore Township Planning and Zoning            :
Administrator                                    :
8540 Kenwood Road                                :
Cincinnati, Ohio  45236                          :
                                                 :
            and                                  :
                                                 :
KEVIN CLARK, individually                        :
and in his representative capacity as            :
Sycamore Township Zoning Inspector               :
8540 Kenwood Road                                :
Cincinnati, Ohio  45236                          :
                                                 :
            and                                  :
                                                 :

2

ROBERT C. PORTER, individually           :
and in his representative capacity as      :
Sycamore Township Fiscal Officer           :
8540 Kenwood Road                          :
Cincinnati, Ohio  45236                    :
                                           :
         and                               :
                                           :
RAY WARRICK, individually and in his      :
capacity as Sycamore Township Administrator,
8540 Kenwood Road                          :
Cincinnati, Ohio 45236                     :
                                           :
         and                               :
                                           :
JOHN DOE TOWING COMPANIES 1-20  :
Address unknown                            :
                                           :
         and                               :
                                           :
John Does, 21 through 40                   :
names unknown                              :
                                           :
         Defendants                        :

Now come the Plaintiffs, Al Gammarino, Trustee, Al Gammarino, individually, Cathy Gammarino, and Anthony Gammarino, and Anthony Gammarino, Trustee, by and through undersigned counsel, and for their amended complaint and state as follows:

## PARTIES

1.      Plaintiff, Al Gammarino, Trustee, is referred to throughout this complaint as Gammarino.

2.      Plaintiff, Al Gammarino, is referred to throughout this complaint as Plaintiff, Gammarino.

3.      Plaintiff, Cathy Gammarino, is referred to throughout this complaint as Plaintiff, C.

3

Gammarino.

4.     Plaintiff, Anthony Gammarino, and Plaintiff Anthony Gammarino, Trustte, are referred to throughout this complaint as Plaintiff, A. Gammarino.

5.     Defendant Sycamore Township is referred to throughout this complaint as Sycamore.

6.     Defendant Trustee Tom James is referred to throughout this complaint as James in his individual capacity and as Trustee for Sycamore Township.

7.     Defendant Trustee Jim LaBarbara is referred to throughout this complaint as LaBarbara in his individual capacity and as Trustee for Sycamore Township.

8.     Defendant Trustee Thomas Weidman is referred to throughout this complaint as Weidman in his individual capacity and as Trustee for Sycamore Township.

9.     Defendant Skylor Miller is referred to throughout this complaint as Miller in his individual capacity and as Sycamore Township Planning and Zoning Administrator.

10.     Defendant Kevin Clark is referred to throughout this complaint as Clark in his individual capacity and as Sycamore Township Zoning Inspector.

11.     Defendant Robert C. Porter is referred to throughout this complaint as Porter in his individual capacity and as Sycamore Township Fiscal Officer.

12.     Defendant Ray Warrick, Sycamore Township Administrator, is referred to throughout this complaint as Warrick in his individual capacity and as Sycamore Township Administrator.

13.     Defendants John Doe Towing Companies are referred to throughout this complaint as Doe Towing Companies, and are individuals, corporations, or entities, that removed items from properties owned by one or more of the Plaintiffs, including but not limited to building materials, cars, trucks, vans, and the contents of the foregoing motor vehicles.

4

14.     Defendants John Does 21 through 40 are referred to throughout this complaint as John Does, and are individuals, corporations, or entities, that removed items from properties owned by one or more of the Plaintiffs.

15.     Defendants John Doe Towing Company 1 through 20 are unknown defendants, male and female, corporations, limited liability companies, partnerships, or other business organization whose identities through due diligence could not be discovered prior to the filing of this complaint but are individuals who conspired and participated with Defendants Sycamore Township, James, LaBarbara, Weidman, Miller, Clark, Porter, Warrick, and John Does to deprive Plaintiffs of rights guaranteed by 42 U.S.C. 1983, Ohio Revised Code, including but not limited to R.C. §505.87, R.C. §505.871, R.C. §2307.60, and the common law of Ohio.

16.     Defendant Sycamore Township is a municipal corporation organized pursuant to Title 5 of the Ohio Revised Code.

17.     Defendant James, was a Sycamore Township Trustee at all times pertinent to this complaint.

18.     Defendant LaBarbara, was a Sycamore Township Trustee at all times pertinent to this complaint.

19.     Defendant Weidman, was a Sycamore Township Trustee at all times pertinent to this complaint.

20.     Defendant Miller was the Planning and Zoning Administrator of Sycamore Township at all times pertinent to this complaint.

21.     Defendant Clark was the Zoning Inspector of Sycamore Township at all times pertinent to this complaint.

22.     Defendant Porter was the Fiscal Officer of Sycamore Township at all times pertinent to this complaint.

23.     Defendant Warrick was the Township Administrator of Sycamore Township at all times pertinent to this complaint.

24.     Defendant John Doe Towing Companies are individual unknown defendants, male and female, corporations, limited liability companies, partnerships, or other business organizations, who removed motor vehicles, 2008 Ford F-150, VIN: 1FTRF12268KC27977, (8308 St. Clair); 2004 Ford F-150, VIN: 1FTRF12WX4NC58614, (8308 St. Clair); 2005 Toyota Camry,VIN: 4T1BE32KX5U954941, (3684 E. Galbraith Road), 1993 Toyota T-100 Pick Up, VIN: JT4VD10A0P00147941 (3684 E. Galbraith Road), and 2007 Honda Odyssey, VIN: 5FNRL38627B102582, (3700 E. Galbraith Road); 1990 Chevrolet Pick-Up, 3/4 Fleetside, VIN: 1GCF24H8LE132105, (3700 E. Galbraith Road); 1995 Ford Mustang, VIN: 1FALP4040SF283735, (3700 E. Galbraith Road); 1990 Chevrolet Astro Van, VIN: 1GCCM15Z3LB195289, (3700 E. Galbraith Road), 1987 Pontiac Firebird, VIN: 1G2FS21S4HN217098, (3700 E. Galbraith Road); 1985 Ford F-150 Pick up, VIN: 1FTBR10S2FUA30768, (3700 E. Galbraith Road); 1993 Jeep Eagle Summit, JE3CB50G3PUO52516, (3700 E. Galbraith Road); 2002 Mercury CGS, VIN: 1WFT61L5256607460, (3700 E. Galbraith Road); 2000 Honda Accord, VIN: 1HGCG2250YA011990, (3700 E. Galbraith Road); 1991 Mercury Sedan, 1MEPM31X3NK624479, (3700 E. Galbraith Road); 2001 Mercury Cougar, 1ZWFT61L115615618, (3700 E. Galbraith Road); all on October 26, 2021, including the contents inside of the vehicles, all owned by one or more of the Plaintiffs at 3684 E. Galbraith Road, Sycamore Township, Ohio, 3700 E. Galbraith Road, Sycamore Township, Ohio, and 8308 St. Clair, Sycamore Township, Ohio, in violation of law,

6

including but not limited to R.C. 505.871, and while acting at the direction of the Defendants violated the Plaintiffs' rights under the Fourth Amendment, the Fifth Amendment, and Fourteenth Amendment of the United States Constitution, and Article 1, Section 16 of the Ohio Constitution.

25.    Defendants John Does are individuals, unknown defendants, male and female, corporations, limited liability companies, partnerships, or other business organizations, who removed motor vehicles or personal property from 3684 E. Galbraith Road, Sycamore Township, Ohio, 3700 E. Galbraith Road, Sycamore Township, Ohio, and 8308 St. Clair, Sycamore Township, Ohio.

## JURISDICTION AND VENUE

26.    At all times relevant hereto, Plaintiff Gammarino and Plaintiff A. Gammarino, were and are the owners of certain real property located at 3684 E. Galbraith Road, Sycamore Township, Ohio, 3700 E. Galbraith Road, Sycamore Township, Ohio, and 8308 St. Clair Avenue, Sycamore Township, Ohio, but none of the Plaintiffs resided at any of the foregoing properties during any events alleged in this complaint, the properties were not occupied, however the properties were maintained.

27.    At all times relevant hereto, Plaintiffs, were the owners of certain personal property or motor vehicles located at 3684 E. Galbraith Road, Sycamore Township, Ohio, 3700 E. Galbraith Road, Sycamore Township, Ohio, and 8308 St. Clair Avenue, Sycamore Township, Ohio.

28.    Pursuant to R.C. 503.01, Defendant Sycamore Township is a public body and may sue and be sued.

29.    Defendant Sycamore Township is doing business at 8540 Kenwood Road, Sycamore Township, Ohio, and all other Defendants are residents of this county or do business in this county, and the claims herein arose in Hamilton County, Ohio.

30.     The Sycamore Township Property Maintenance Code, Section 104.3, requires the code official of Sycamore Township to "make a reasonable effort to locate the owner or person having charge or control of the structure or premises and request entry" and if entry is refused, the code official shall have recoures to the remedies provided by law to secure entry."

31.     The Plaintiff Gammarino notified the Defendants in 2009 and notified the Defendants not to enter onto the Plaintiffs' real properties.

32.     The Defendants entered upon the Plaintiffs' real property without authorization in violation of the Sycamore Township Property Maintenance Code, Section 104.3, and in violation of the Plaintiffs right to the Fourth Amendment and Fourteenth Amendment to be feel from unreasonable searches and seizures.

33.     That at no time were any of the Plaintiffs contacted by any of the Defendants to enter onto any of the real properties described in this complaint or on any of the dates described in this complaint.

34.     That the Defendants have a policy or practice of entering onto the properties of residents of Sycamore Township, Ohio, who refuse to grant entry, such as the Plaintiffs without obtaining a search warrant to secure entry, such as the Plaintiffs in violation of the Fourth and Fourteenth Amendments.

35.     That the Defendants have a policy or practice of removing personal property and motor vehicles from real property located within Sycamore Township without notice as required by Section 107 of the Sycamore Township Property Maintenance Code or for violations of the Sycamore Township Zoning Code as required in Section 24-3, such as the Plaintiffs, without notice as required by the foregoing sections and the Defendants repeatedly failed to provide the Plaintiffs

8

with notices of violation "delivered personally" or "sent by certified mail or first class mail addressed to the last known address" of the Plaintiffs although Plaintiffs' address was in the possession of the Defendants.

36. The Defendants failed to serve the Plaintiffs with any notices of violations of the Sycamore Township Property Maintenance Code, the Sycamore Zoning Code, or the requirements of R.C. 505.871, and violated the Plaintiffs Fourth Amendment and Fourteenth Amendment rights concerning the entry and search of the Plaintiffs' properties, the Plaintiffs' Fifth Amendment and Fourteenth Amendment right to due process as any notices the Defendants' claim were sent to the Plaintiffs are deficient on there face for the following reasons, to wit:

   a. March 15, 2018 letter by the Defendants not sent to the home address of the owner, sent to the improper zip code for the address listed, no certified mail receipt from any of the Plaintiffs, and sent to an individual who is deceased.

   b. December 8, 2020 letter by the Defendants not sent to the home address of the owner, sent to the improper zip code for the address listed, no certified mail receipt from any of the Plaintiffs, during this period the Ohio Bureau of Motor Vehicles was not renewing license plates, and sent to an individual who is deceased.

   c. January 12, 2001 letter by the Defendants not sent to the home address of the owner, sent to the improper zip code for the address listed, no certified mail receipt from any of the Plaintiffs, sent to an individual who is deceased, and notice sent prior to the passage of Resolution 2021-011.

   d. March 23, 2021 letter by the Defendants not sent to the home address of the owner, no certified mail receipt from any of the Plaintiffs, and sent to an individual who is

deceased.

e.   July 6, 2021 letter by the Defendants not sent to the home address of the owner, sent to the improper zip code for the address listed, no certified mail receipt from any of the Plaintiffs, sent to an individual who is deceased, the letter references weeds, not personal property or motor vehicles, and the letter is sent prior to Resolution 2021-058.

f.   August 5, 2021 letter by the Defendants not sent to the home address of the owner, no certified mail receipt from any of the Plaintiffs, sent to an individual who is deceased, and all personal property removed by the Defendants prior to the date of the letter from the Defendants.

h.   A letter/posting by the Defendants not sent to the home address of the owner, no certified mail receipt from any of the Plaintiffs, sent to an individual who is deceased, the motor vehicles of the Plaintiffs were removed within seven days of the passage of Resolution 2021-088 in violation of R.C. 505.871, and Defendants entered upon the Plaintiffs' real property without a search warrant or authorization in violation of no trespassing communication by the Plaintiff Gammarino in a Sycamore Township Trustee meeting in August 2009 that was never rescinded by the Plaintiff Gammarino.

i.   Undated letter/posting by the Defendants not sent to the home address of the owner, and no certified mail receipt from any of the Plaintiffs.

j.   December 8, 2020 letter by the Defendants not sent to the home address of the owner, no certified mail receipt from any of the Plaintiffs, sent to an individual who is

10

deceased, sent in advance of the passage of Resolution 2021-003, and Defendants entered upon the Plaintiffs' real property without a search warrant or authorization in violation of no trespassing communication by the Plaintiff Gammarino in a Sycamore Township Trustee meeting in August 2009 that was never rescinded by the Plaintiff Gammarino.

k.   Undated letter/posting by the Defendants not sent to the home address of the owner, and no certified mail receipt from any of the Plaintiffs.

l.   May 12, 2021 letter by the Defendants not sent to the home address of the owner, no certified mail receipt from any of the Plaintiffs, sent to an individual who is deceased.

m.   July 8, 2021 letter by the Defendants not sent to the home address of the owner, no certified mail receipt from any of the Plaintiffs, sent to an individual who is deceased, and sent in advance of the passage of Resolution 2021-059, and Defendants entered upon the Plaintiffs' real property without a search warrant or authorization  in violation of no trespassing communication by the Plaintiff Gammarino in a Sycamore Township Trustee meeting in August 2009 that was never rescinded by the Plaintiff Gammarino.

n.   August 5, 2021 letter by the Defendants not sent to the home address of the owner, no certified mail receipt from any of the Plaintiffs, sent to an individual who is deceased, sent in advance of the passage of Resolution 2021-089, and Defendants entered upon the Plaintiffs' real property without a search warrant or authorization in violation of no trespassing communication by the Plaintiff Gammarino in a Sycamore Township Trustee meeting in August 2009 that was never rescinded by the

11

Plaintiff Gammarino.

o.      November 30, 2020 letter by the Defendants not sent to the owner-sent to occupant, not sent to home address of the owner, no certified mail receipt from any of the Plaintiffs, sent to an individual who is deceased.

37.     The failure of the Defendants to provide the Plaintiffs with notice of any violations denied the Plaintiffs the opportunity to appeal any violations, the right to a hearing prior to the taking of the Plaintiffs' property, and the Plaintiffs' option to remedy any alleged violations by the Plaintiffs of the Sycamore Township Resolutions, Property Maintenance Code, and/or the Sycamore Township Zoning Code.

38.     In addition, the Plaintiff was using the building materials on the real properties to improve the properties, and the Plaintiff Gammarino was actively installing a roof and constructing two sheds on the real property 8308 St. Clair Avenue, Sycamore Township, Ohio, when the Defendants removed all building materials and supplies for the project and thus preventing the Plaintiff Gammarino from completing the roof and sheds for the property at 8308 St Clair Avenue, Sycamore Township, Ohio.

39.     That the Defendants did not remove unattended vegetation, garbage, refuse, or other debris from any of the Plaintiffs' properties described herein, as all materials removed were building materials for the use at and improvement of each of the properties described herein by the Plaintiff Gammarino who is a real estate investor.

40.     That Defendants Clark and Miller failed to disclose the passage of Resolution 2021-007 passed February 2, 2021 when the Plaintiff Gammarino spoke with Defendants Clark and Miller on February 8, 2021 concerning the installation of a roof at 8308 St. Clair Avenue, Sycamore

12

Township, Ohio, and Plaintiff Gammarino advised Defendants Clark and Miller the conditions at 3684 E. Galbraith Road, Sycamore Township, Ohio, and 3700 E. Galbraith Road, Sycamore Township, Ohio, were resolved by the Defendant Sycamore Township Property Maintenance Board on July 23, 2009 as the result of Plaintiff Gammarino's appeal.  See attached Exhibit A.

41.     The Defendants are not immune from liability for acts or omissions that done with a malicious purpose, in bad faith, or in a wanton or reckless manner (R.C. 2744.03 (A)(6)(b)), and in addition the Plaintiffs' claims are exempt from any claim of immunity for violations of the constitution (Fourth Amendment, Fifth Amendment, and Fourteenth Amendment) and statutes of the United States (42 USC 1983).

## FACTS

### 3684 E. Galbraith Road-Removal of Motor Vehicles

42.     On October 19, 2021, the Defendants James, LaBarbara, and Weidman, passed a resolution, 2021-088, providing for the removal of junk vehicles at 3684 E. Galbraith Road, Sycamore Township, Ohio, declaring the Plaintiffs' real property located at 3684 E. Galbraith Road, Sycamore Township, Ohio, to be a nuisance, without notifying the Plaintiffs of any violation on the foregoing real property, although the forgoing Defendants knew the Plaintiffs' address.  See attached Resolution Exhibit A.

43.     The Defendants James, LaBarbara, Weidman, took action to pass the resolutions based on implementing the procedures set forth in Sycamore Township Resolution Number 2012-14, and Sections 505.173, 505.85, and 505.871 of the Ohio Revised Code and Defendant James, Defendant LaBarbara, Defendant Weidman, and Fiscal Officer Porter signed the foregoing resolution 2021-088 without any determination the Plaintiffs vehicles were in fact junk motor vehicles.

44.    The Defendants violated the rights of the Plaintiffs by failing to provide the Plaintiffs with Notice as specified in Section 4 (A) of Resolution 2012-14 of a "Notice of Intent to Remove Junk Motor Vehicle" to the property owner which described the vehicles to be removed, advised the owner that Sycamore Township determined that the vehicle is a junk motor vehicle, that advised the Plaintiff Gammarino if he failed to remove the vehicles within fourteen days after service of the notice, Sycamore Township Board (of Trustees) may remove or cause the removal of the vehicles, and that any expenses the Sycamore Township Board (of Trustees) incurs in the removal of the vehicles may be entered upon the tax duplicate and become a lien upon the land from the date of entry.

45.    Plaintiff Gammarino, Plaintiff C. Gammarino, and Paintiff A. Gammarino, owned the motor vehicles, including but not limited to cars, trucks, and vans, removed by the Defendants from 3700 E. Galbraith Road, 3684 E. Galbraith Road, and 8308 St. Clair Avenue, Sycamore Township, Ohio.

46.    The Defendants violated the rights of the Plaintiffs by failing to serve the "Notice of Intent to Remove Junk Motor Vehicle" as specified in Section 4 (B) of Resolution 2012-14 by failing to serve the "Notice of Intent to Remove Junk Vehicle" by sending it by certified mail, return receipt requested, to the Plaintiff Gammarino and Plaintiff A. Gammarino, and Defendant Clark put an undated letter on the driver's side window of every motor vehicle.  See attached Exhibit C.

47.    That the Defendants knew the address of the Plaintiff Gammarino as he hand delivered letters to the Sycamore Township Chief of Planning and Zoning and Skylor Miller, and Kevin Clark, Planning and Zoning Inspector for Sycamore Township from at least February 2, 2016 as Sycamore Township sent mail to the Plaintiff A. Gammarino at the address 3020 Glenfarm Court,

14

Cincinnati, Ohio 45236 and Plaintiff Gammarino hand delivered a letter with the Plaintiff Gammarino's home address on February 19, 2021. See attached Exhibit D.

48. That the Defendants passed Resolution 2021-088 (Exhibit B) on October 19, 2021 and removed the Plaintiffs' vehicles at 3684 E. Galbraith Road, Sycamore Township, Ohio, on October 26, 2021in violation of Section 4 of 2012-14 which states: "... the Sycamore Township Trustees may provide in a resolution for removal of the vehicle not sooner than fourteen days after the board serves written notice, as detailed herein, of its intention to remove or cause the removal of the vehicle on the Plaintiff Gammarino's property.

49. The Defendants removed the Plaintiffs' motor vehicles and personal property inside the motor vehicles without notice to any of the Plaintiffs, and within seven days of the passage of Resolution 2021-088 (Exhibit B), which violates Resolution 2012-14 and 2021-88 Section 3, and R.C. 585.871.

50. That the Defendants failed to provide the Plaintiff Gammarino with notice required by R.C. 505.871 that the Defendants with a notice that (a) The board has determined that the vehicle is a junk motor vehicle; (b) If the owner of the land fails to remove the vehicle within fourteen days after service of the notice, the board may remove or cause the removal of the vehicle; and (c) Any costs the board incurs in removing or causing the removal of the vehicle may be entered upon the tax duplicate and become a lien upon the land from the date of entry as to any of the motor vehicles removed from 3684 E. Galbraith Road, Sycamore Township, Ohio.

51. That the Defendants failed to serve the notice required by R.C. 505.871 (C) on the Plaintiff Gammarino by certified mail as required by R.C. 505.871 (C) (3) as to any motor vehicles at 3684 E. Galbraith Road, Sycamore Township, Ohio.

52.     That the Defendants removed the Plaintiffs' vehicles in less than fourteen days from the Plaintiff Gammarino's property without notice in violation of R.C.505.871 (C), at 3684 E. Galbraith Road, Sycamore Township, Ohio.

53.     Defendants entered onto the real property at 3684 E. Galbraith Road, Sycamore Township, Ohio, without a search warrant in violation of the Plaintiffs rights guaranteed under the Fourth Amendment (unreasonable search), in violation of the Fifth Amendment (due process of law and denied the Plaintiffs of property without due process and confiscated the Plaintiffs' property), and Fourteenth Amendment (deprivation of property without due process of law, and denying the Plaintiffs equal protection of the law).

54.     Defendants never verified at any time service of any notices were sent or served on the Plaintiffs prior to the Defendants passage of a resolution authorizing the removal of Plaintiffs' motor vehicles or personal property from 3684 E. Galbraith Road, Sycamore Township, Ohio.

**3700 E. Galbraith Road-Removal of Motor Vehicles**

55.     On October 19, 2021, the Defendants James, LaBarbara, and Weidman, passed a resolution, 2021-089, providing for the removal of junk vehicles at 3700 E. Galbraith Road, Sycamore Township, Ohio, declaring the Plaintiffs' real property located at 3700 E. Galbraith Road, Sycamore Township, Ohio, to be a nuisance, without notifying the Plaintiffs of any violation on the foregoing real property, although the forgoing Defendants knew the Plaintiffs' address.  See attached Exhibit E.

56.     The Defendants James, LaBarbara, Weidman, took action to pass the resolutions based on implementing the procedures set forth in Sycamore Township Resolution Number 2012-14, and Sections 505.173, 505.85, and 505.871 of the Ohio Revised Code and each of the foregoing

16

Defendants and Porter signed the foregoing Resolution 2021-089 without a determination the Plaintiffs' vehicles were in fact junk motor vehicles.

57.     The Defendants violated the rights of the Plaintiffs by failing to provide the Plaintiffs with Notice as specified in Section 4 (A) of Resolution 2012-14 of a "Notice of Intent to Remove Junk Motor Vehicle" to the property owner which described the vehicles to be removed, advised the owner that Sycamore Township determined that the vehicle is a junk motor vehicle, that advised the Plaintiff A. Gammarino if he failed to remove the vehicles within fourteen days after service of the notice, Sycamore Township Board (of Trustees) may remove or cause the removal of the vehicles, and that any expenses the Sycamore Township Board (of Trustees) incurs in the removal of the vehicles may be entered upon the tax duplicate and become a lien upon the land from the date of entry.

58.     The Defendants violated the rights of the Plaintiffs by failing to serve the "Notice of Intent to Remove Junk Motor Vehicle" as specified in Section 4 (B) of Resolution 2012-14 by failing to serve the "Notice of Intent to Remove Junk Vehicle" by sending it by certified mail, return receipt requested, to the Plaintiff A. Gammarino, as required by R.C. 505.871 (C)(3), and Defendant Clark put an undated letter on the driver's side window of every motor vehicle.  See attached Exhibit F.

59.     That the Defendants knew the addresses of the Plaintiff A. Gammarino and Plaintiff Gammarino as Plaintiff Gammarino hand delivered letters to the Sycamore Township Chief of Planning and Zoning and Skylor Miller, and Kevin Clark, Planning and Zoning Inspector for Sycamore Township from at least February 2, 2016 as Sycamore Township sent mail to the Plaintiff A. Gammarino at 3020 Glenfarm Court, Cincinnati, Ohio  45236 and the Plaintiff Gammarino mailed a letter to Defendant Clark with the Plaintiff Gammarino's home address on December 30,

17

2020.  See attached Exhibit G.

60.     That the Defendants passed Resolution 2021-089 on October 19, 2021 and removed the Plaintiffs' vehicles at 3700 E. Galbraith Road, Sycamore Township, Ohio, on October 26, 2021 in violation of Section 4 of 2012-14 which states:  "... the Sycamore Township Trustees may provide in a resolution for removal of the vehicle not sooner than fourteen days after the board serves written notice, as detailed herein, of its intention to remove or cause the removal of the vehicle on the Plaintiff A. Gammarino's property, as required by R.C. 505.871.

61.     The Defendants removed the Plaintiffs' motor vehicles and personal property inside the motor vehicles without notice to any of the Plaintiffs, and within seven days of the passage of Resolution 2021-089, which violates Resolution 2012-14 and 2021-89 Section 3, as required by 505.871.

62.     That the Defendants failed to provide the Plaintiff A. Gammarino with notice required by R.C. 505.871, that the Defendants with the required notice that (a) The board has determined that the vehicle is a junk motor vehicle; (b) If the owner of the land fails to remove the vehicle within fourteen days after service of the notice, the board may remove or cause the removal of the vehicle; and (c) Any costs the board incurs in removing or causing the removal of the vehicle may be entered upon the tax duplicate and become a lien upon the land from the date of entry as to any of the motor vehicles removed from 3700 E. Galbraith Road, Sycamore Township, Ohio.

63.     That the Defendants failed to serve the notice required by R.C. 505.871 (C) on the Plaintiff A. Gammarino by certified mail as required by R.C. 505.871 (C) (3) as to any motor vehicles at 3700 E. Galbraith Road, Sycamore Township, Ohio.

64.     That the Defendants removed the Plaintiffs' vehicles in less than fourteen days from

18

the Plaintiff A. Gammarino's property without notice in violation of R.C.505.871 (C), at 3700 E. Galbraith Road, Sycamore Township, Ohio.

65.     Defendants entered onto the real property at 3700 E. Galbraith Road, Sycamore Township, Ohio, without a search warrant in violation of the Plaintiffs rights guaranteed under the Fourth Amendment (unreasonable search), in violation of the Fifth Amendment (due process of law and denied the Plaintiffs of property without due process and confiscated the Plaintiffs' property), and Fourteenth Amendment (deprivation of property without due process of law, and denying the Plaintiffs equal protection of the law).

66.     Defendants never verified at any time service of any notices of any violations by any of the Plaintiffs were sent or served on the Plaintiffs prior to the Defendants passage of a resolution authorizing the removal of Plaintiffs' motor vehicles or personal property from 3700 E. Galbraith Road, Sycamore Township, Ohio.

**8308 St. Clair Avenue-Removal of Motor Vehicles**

67.     On October 19, 2021, the Defendants James, LaBarbara, and Weidman, passed a resolution, 2021-087 (See attached Exhibit H), providing for the removal of junk vehicles at 8308 St. Clair Avenue, Sycamore Township, Ohio, declaring the Plaintiffs' real property located at 8308 St. Clair Avenue, Sycamore Township, Ohio, to be a nuisance, without notifying the Plaintiffs of any violation on the foregoing real property, although the forgoing Defendants knew the Plaintiffs' address.  See attached Exhibit G and Exhibit I.

68.     The Defendants James, LaBarbara, Weidman, took action to pass the resolutions based on implementing the procedures set forth in Sycamore Township Resolution Number 2012-14, and Sections 505.173, 505.85, and 505.871 of the Ohio Revised Code and each of the foregoing

Defendants and Porter signed the foregoing resolution, 2021-087 without any determination the Plaintiffs' vehicles were in fact junk motor vehicles.

69.     The Defendants violated the rights of the Plaintiffs by failing to provide the Plaintiffs with Notice as specified in Section 4 (A) of Resolution 2012-14 of a "Notice of Intent to Remove Junk Motor Vehicle" to the property owner which described the vehicles to be removed, advised the owner that Sycamore Township determined that the vehicle is a junk motor vehicle, that advised the Plaintiff Gammarino if he failed to remove the vehicles within fourteen days after service of the notice, Sycamore Township Board (of Trustees) may remove or cause the removal of the vehicles, and that any expenses the Sycamore Township Board (of Trustees) incurs in the removal of the vehicles may be entered upon the tax duplicate and become a lien upon the land from the date of entry.

70.     The Defendants violated the rights of the Plaintiffs by failing to serve the "Notice of Intent to Remove Junk Motor Vehicle" as specified in Section 4 (B) of Resolution 2012-14 by failing to serve the "Notice of Intent to Remove Junk Vehicle" by sending it by certified mail, return receipt requested, to the Plaintiff Gammarino, and Defendant Clark put an undated letter on the driver's side window of every motor vehicle.  See attached Exhibit J.

71.     That the Defendants knew the address of the Plaintiff Gammarino as he hand delivered letters to the Sycamore Township Chief of Planning and Zoning and Defendant Skylor Miller, and Defendant Kevin Clark, Planning and Zoning Inspector for Sycamore Township from at least February 2, 2016 as Sycamore Township sent mail to the Plaintiff Gammarino at his residence address at 3020 Glenfarm Court, Cincinnati, Ohio 45236 and hand delivering a letter with the Plaintiff Gammarino's home address on February 19, 2021.

72.     That the Defendants passed Resolution 2021-087 on October 19, 2021 and removed the Plaintiffs' vehicles at 8308 St. Clair Avenue, Sycamore Township, Ohio, on October 26, 2021in violation of Section 4 of 2012-14 which states: "... the Sycamore Township Trustees may provide in a resolution for removal of the vehicle not sooner than fourteen days after the board serves written notice, as detailed herein, of its intention to remove or cause the removal of the vehicle on the Plaintiff Gammarino's property.

73.     The Defendants removed the Plaintiffs' motor vehicles without notice to any of the Plaintiffs, and within seven days of the passage of Resolution 2021-087, which violate Resolutions 2012-14 and 2021-87 Section 3, including but not limited to R.C. 505.871.

74.     That the Defendants failed to provide the Plaintiff Gammarino with notice required by R.C. 505.871 that the Defendants with notice that (a) The board has determined that the vehicle is a junk motor vehicle; (b) If the owner of the land fails to remove the vehicle within fourteen days after service of the notice, the board may remove or cause the removal of the vehicle; and (c) Any costs the board incurs in removing or causing the removal of the vehicle may be entered upon the tax duplicate and become a lien upon the land from the date of entry as to any of the motor vehicles removed from 8308 St. Clair Avenue, Sycamore Township, Ohio.

75.     That the Defendants failed to serve the notice required by R.C. 505.871 (C) on the Plaintiff Gammarino by certified mail as required by R.C. 505.871 (C) (3) as to any motor vehicles at 8308 St. Clair Avenue, Sycamore Township, Ohio.

76.     That the Defendants removed the Plaintiffs' vehicles in less than fourteen days from the Plaintiff Gammarino's property without notice in violation of R.C.505.871 (C) at 8308 St. Clair Avenue, Sycamore Township, Ohio.

21

77.    Defendants entered onto the real property at 8308 St. Clair Avenue, Sycamore Township, Ohio, without a search warrant in violation of the Plaintiffs rights guaranteed under the Fourth Amendment (unreasonable search), in violation of the Fifth Amendment (due process of law and denied the Plaintiffs of property without due process and confiscated the Plaintiffs' property), and Fourteenth Amendment (deprivation of property without due process of law, and denying the Plaintiffs equal protection of the law).

78.    Defendants never verified at any time service of any notices were sent or served on the Plaintiffs prior to the Defendants passage of a resolution authorizing the removal of Plaintiffs' motor vehicles or personal property from 8308 St. Clair Avenue, Sycamore Township, Ohio.

### 3684 E. Galbraith Road-Property Maintenance Code Violations

79.    On February 16, 2021, the Defendants James, LaBarbara, and Weidman, passed a resolution, 2021-011, see attached Exhibit K, alleging there was vegetation, garbage, refuse and other debris located on the property at 3684 East Galbraith Road, Sycamore Township, Ohio  45236 and declaring the property to be a nuisance, without notifying the Plaintiff Gammarino of any violation of the Sycamore Township Property Maintenance Code, although the forgoing Defendants knew the Plaintiff Gammarino's address.  See attached Exhibit G and Exhibit I.

80.    The Defendants James, LaBarbara, Weidman, took action to declare the real property at 3684 East Galbraith Road without any identification of the corrective action to be taken by the Plaintiff Gammarino to abate a nuisance which is not even defined in the Sycamore Township Property Maintenance Code.

81.    The Defendants violated the rights of the Plaintiffs by failing to provide the Plaintiff Gammarino with notice of the Resolution 2021-011 passed by Sycamore Township.

82.     The Defendant Kevin Clark prepared an undated letter stating "the property has been declared a nuisance due to property maintenance code violations but the Plaintiff Gammarino never received property maintenance code violations for the real property at 3684 E. Galbraith Road, Sycamore Township, Ohio.

83.     That the Defendants knew the address of the Plaintiff Gammarino as he hand delivered letters to the Sycamore Township Chief of Planning and Zoning and Skylor Miller, and Kevin Clark, Planning and Zoning Inspector for Sycamore Township from at least February 2, 2016 as Sycamore Township sent mail to the Plaintiff Gammarino at his residence address at 3020 Glenfarm Court, Cincinnati, Ohio  45236 as Plaintiff  Gammarino provided his home address on December 30, 2020 to the Defendants.  See attached Exhibit G.

84.     That the Defendants, James, LaBarbara, and Weidman, passed Resolution 2021-011 on February 16,  2021 and removed building materials and personal property from the real property owned by the Plaintiff Gammarino at 3684 E. Galbraith Road, Sycamore Township, Ohio, on June 14, 2021in violation of the Plaintiff's Gammarino's rights.

85.     The Defendants removed the Plaintiff Gammarino's building materials and personal property at 3684 E. Galbraith Road, Sycamore Township, Ohio, without notice to Plaintiff Gammarino.

86.     That the Defendants failed to provide the Plaintiff Gammarino with notice required by R.C. 505.87, Fifth Amendment to the U.S. Constitution, Fourteenth Amendment to the U.S. Constitution, and Article 1, Section 16 of the Ohio Constitution, including but not limited to the due process clause as to the actions of the Defendant at 3684 E. Galbraith Road, Sycamore Township, Ohio.

23

87.     Defendants entered onto the real property at 3684 E. Galbraith Road, Sycamore Township, Ohio, without a search warrant in violation of the Plaintiffs rights guaranteed under the Fourth Amendment (unreasonable search), in violation of the Fifth Amendment (due process of law and denied the Plaintiffs of property without due process and confiscated the Plaintiffs' property), and Fourteenth Amendment (deprivation of property without due process of law, and denying the Plaintiffs equal protection of the law).

88.     Defendants never verified at any time service of any notices were sent or served on the Plaintiffs and actually received by any of the Plaintiffs prior to the Defendants passage of a resolution authorizing the removal of Plaintiffs' personal property from 3684 E. Galbraith Road, Sycamore Township, Ohio.

**3700 E. Galbraith Road-- property maintenance code violations**

89.     On January 19, 2021, the Defendants, James, LaBarbara, and Weidman, passed a resolution, 2021-003, see attached Exhibit L, alleging there was vegetation, garbage, refuse and other debris located on the property at 3700 East Galbraith Road, Sycamore Township, Ohio 45236 and declaring the property to be a nuisance, without notifying the Plaintiff A. Gammarino of any violation of the Sycamore Township Property Maintenance Code, although the forgoing Defendants knew the Plaintiff A. Gammarino's address. See attached Exhibit I.

90.     The Defendants James, LaBarbara, Weidman, took action to declare the real property at 3700 East Galbraith Road without any identification of the corrective action to be taken by the Plaintiff A. Gammarino to abate a nuisance which is not even defined in the Sycamore Township Property Maintenance Code.

91.     The Defendants violated the rights of the Plaintiffs by failing to provide the Plaintiff

24

A. Gammarino with notice of the Resolution passed by Sycamore Township.

92. The Defendant Kevin Clark prepared an undated letter stating "the property has been declared a nuisance due to property maintenance code violations but the Plaintiff A. Gammarino never received any property maintenance code violations for the real property at 3700 E. Galbraith Road, Sycamore Township, Ohio, from any of the Defendants.

93. That the Defendants knew the address of the Plaintiff A. Gammarino as Plaintiff Gammarino hand delivered letters to the Sycamore Township Chief of Planning and Zoning, Defendant Skylor Miller, and Defendant Kevin Clark, Planning and Zoning Inspector for Sycamore Township from at least February 2, 2016 as Sycamore Township sent mail to the Plaintiff A. Gammarino at the address of 3020 Glenfarm Court, Cincinnati, Ohio 45236 and Plaintiff Gammarino mailed a letter with the Plaintiff Gammarino's home address on December 30, 2020.

94. That the Defendants passed Resolution 2021-003 on January 19, 2021 and removed building materials and personal property from the real property owned by the Plaintiff A. Gammarino at 3700 E. Galbraith Road, Sycamore Township, Ohio, on June 24, 2021 in violation of the Plaintiff's A. Gammarino's rights.

95. The Defendants removed the Plaintiff Gammarino's building materials and personal property at 3700 E. Galbraith Rd., without notice to Plaintiff A. Gammarino.

96. That the Defendants failed to provide the Plaintiff A. Gammarino with notices required, including but not limited to R.C. 505.87, Fifth Amendment to the U.S. Constitution, Fourteenth Amendment to the U.S. Constitution, and Article 1, Section 16 of the Ohio Constitution, including but not limited to the due process clause as to the actions of the Defendant at 3700 E. Galbraith Road, Sycamore Township, Ohio 45236.

97     Defendants entered onto the real property at 3700 E. Galbraith Road, Sycamore Township, Ohio, without a search warrant in violation of the Plaintiffs rights guaranteed under the Fourth Amendment (unreasonable search), in violation of the Fifth Amendment (due process of law and denied the Plaintiffs of property without due process and confiscated the Plaintiffs' property), and Fourteenth Amendment (deprivation of property without due process of law, and denying the Plaintiffs equal protection of the law).

98.     Defendants never verified at any time service of any notices were sent or served on the Plaintiffs prior to the Defendants passage of a resolution authorizing the removal of Plaintiffs' motor vehicles or personal property from 3700 E. Galbraith Road, Sycamore Township, Ohio.

### 8308 St. Clair Avenue-- property maintenance code violations

99.     On February 2, 2021, the Defendants James, LaBarbara, and Weidman, passed a resolution, 2021-007, see attached Exhibit M,  alleging there was vegetation, garbage, refuse and other debris located on the property at 8308 St. Clair Avenue, Sycamore Township, Ohio 45236 and declaring the property to be a nuisance, without notifying the Plaintiff Gammarino of any violation of the Sycamore Township Property Maintenance Code, although the forgoing Defendants knew the Plaintiff Gammarino's address.  See attached Exhibit G.

100.     The Defendants James, LaBarbara, Weidman, took action to declare the real property at 8308 St. Clair Avenue to be a nuisance without any identification of the corrective action to be taken by the Plaintiff Gammarino to abate a nuisance which is not even defined in the Sycamore Township Property Maintenance Code.

101.     The Defendants violated the rights of the Plaintiff Gammarino by failing to provide the Plaintiff Gammarino with notice of the Resolution passed by Sycamore Township.

102. The Defendant Kevin Clark prepared an undated letter stating "the property has been declared a nuisance due to property maintenance code violations" when the Defendant Clark knew or should have known by reviewing the records of Sycamore Township there were no outstanding maintenance code violations issued and received by the Plaintiff Gammarino since 2009 and Plaintiff Gammarino remedied the 2009 property maintenance code violation and Plaintiff Gammarino was never received property maintenance code violations for the real property at 8308 St. Clair Avenue.

103. That the Defendants knew the address of the Plaintiff Gammarino as he hand delivered letters to the Sycamore Township Chief of Planning and Zoning, Defendant Skylor Miller, and Defendant Kevin Clark, Planning and Zoning Inspector for Sycamore Township from at least February 2, 2016 as Sycamore Township sent mail to the Plaintiff Gammarino at his residence address at 3020 Glenfarm Court, Cincinnati, Ohio 45236 and Plaintiff Gammarino mailed a letter to Defendant Clark with the Plaintiff Gammarino's home address on December 30, 2020.

104. That the Defendants James, LaBarbara, and Weidman, passed Resolution 2021-007 on February 2, 2021 and removed building materials and personal property from the real property owned by the Plaintiff Gammarino at 8308 St. Clair Avenue, Sycamore Township, Ohio, on June 30, 2021, in violation of the Plaintiff Gammarino's rights.

105. The Defendants removed the Plaintiff Gammarino's building materials at 8308 St. Clair Avenue, without notice to Plaintiff Gammarino.

106. That the Defendants failed to provide the Plaintiff Gammarino with notice required by R.C. 505.87, Fifth Amendment to the U.S. Constitution, Fourteenth Amendment to the U.S. Constitution, and Article 1, Section 16 of the Ohio Constitution, including but not limited to the due process clause as to the actions of the Defendants at 8308 St. Clair Avenue, Sycamore Township,

Ohio.

107.    Defendants entered onto the real property at 8308 St. Clair Avenue, Sycamore Township, Ohio, without a search warrant in violation of the Plaintiffs rights guaranteed under the Fourth Amendment (unreasonable search), in violation of the Fifth Amendment (due process of law and denied the Plaintiffs of property without due process and confiscated the Plaintiffs' property), and Fourteenth Amendment (deprivation of property without due process of law, and denying the Plaintiffs equal protection of the law).

108.    Defendants never verified at any time service of any notices allegedly sent or served on the Plaintiffs prior to the Defendants passage of any resolutions authorizing the removal of Plaintiffs' motor vehicles or personal property from 8308 St. Clair Avenue, Sycamore Township, Ohio.

## COUNT I -TRESPASS-AS TO ALL PROPERTIES

109.    Plaintiffs incorporate by reference into this paragraph each of his allegations from the preceding paragraphs.

110.    Sycamore Township officials and employees were notified by the Plaintiff Gammarino not to enter the Plaintiff Gammarino's real property on August 6, 2009 when the Plaintiff Gammarino appeared at a Sycamore Township Trustee meeting.

111.    Employees of Sycamore Township repeatedly, without privilege or permission from the Plaintiff Gammarino entered onto the Plaintiff Gammarino's privately-owned property without permission to enter upon the land of Plaintiff Gammarino.

112.    Plaintiff Gammarino repeatedly requested that Sycamore Township stop its trespass onto the Plaintiff Gammarino's property.

28

113.    Sycamore Township, its employees, officials, and assigns refused to heed Plaintiff Gammarino's requests to end its continued pattern of trespass on Plaintiff Gammarino's property.

114.    Sycamore Township in fact continued its trespasses and on October 26, 2021 unlawfully trespassed on Plaintiff Gammarino's properties, and removed all vehicles of the Plaintiffs and other personal property belonging to Plaintiffs.

115.    In the process of unlawfully removing the Plaintiffs' motor vehicles and Plaintiffs' personal property from the Property, the Defendants caused significant damage to Plaintiff Al Gammarino's property, including the following damage, damage to 2002 Lexus, damage to 2004 F-150 pick up, the lawn, and two wheelbarrows.

116.    Plaintiffs also suffered the loss of personal and valuable property, including property located within the motor vehicles taken by Sycamore Township.

117.    On or about January 2021, Sycamore Township entered upon Plaintiff Gammarino's property without Plaintiff Gammarino's consent, and without proper authorization or authority to do so from Plaintiff Gammarino, and photographed Plaintiff Gammarino's property at 8308 St. Clair Avenue, Sycamore Township, Ohio 45236.

118.    On June 14, 2021, Sycamore Township and Defendants Clark, Miller, and John Does, entered upon Plaintiff Gammarino's property without his consent, and without proper authorization or authority to do so, with the intent to remove Plaintiffs' personal property at 3684 East Galbraith Road, Sycamore Township, Ohio 45236.

119.    On or about February 2021, Sycamore Township, again, entered upon Plaintiff Gammarino's property without his consent, and without proper authorization or authority to do so by Plaintiff Gammarino at 3684 E. Galbraith Road, Sycamore Township, Ohio 45236.

120. On June 24, 2021, Sycamore Township, again, entered upon Plaintiff's Property without Plaintiff's consent, and without proper authorization or authority to do so, removed the Plaintiff Gammarino's personal property at 3700 East Galbraith Road, Sycamore Township, Ohio 45236.

121. On June 30, 2021 Sycamore Township, Defendant Clark, employees and agents of Sycamore Township entered upon Plaintiff Gammarino's property without Plaintiff's consent, and without proper authorization or authority to do so, and unlawfully removed Plaintiffs' personal property at 8308 St. Clair Avenue, Sycamore Township, Ohio 45236.

122. As a direct and proximate cause of Sycamore Township, and the Defendant Clark and Miller's trespass, Plaintiff Gammarino has suffered damages in the amount in excess of $25,000.00 to be determined at trial and including, but not limited to loss of use, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment, plus statutory pre and post judgment interest and court costs, and attorney fees.

123. That the Defendant Miller was laughing and grinning at the Plaintiff Gammarino as Plaintiff Gammarino's personal property was removed from 3684 East Galbraith Road, Sycamore Township, Ohio 45236 on June 14, 2021.

124. Sycamore Township, and Defendants, Clark and Miller, trespass onto Plaintiff Gammarino and Plaintiff A. Gammarino's property was in bad faith, or wanton and reckless, and done maliciously and in violation of law.

## COUNT II - CONVERSION

125. Plaintiff incorporates by reference into this paragraph each of his allegations from the preceding paragraphs.

126. By forcibly removing Plaintiff's vehicles and personal property, and by causing

30

significant damage to Plaintiff's property in the process, Sycamore Township has exercised control and dominion over Plaintiff's property.

127.     By refusing to allow Plaintiff to access and possess the vehicles, the Defendants have exercised control and dominion over Plaintiffs' property.

128.     By causing such a conversion, Sycamore Township, and the Defendants have excluded Plaintiffs from exercising their rights as owners of the property.

129.     Plaintiffs have been denied the return of their property, including building materials, motor vehicles, and the contents of the motor vehicles as the Defendants have a policy and practice of refusing to return phone calls or respond to Plaintiff Gammarino's correspondence.

130.     By causing such a conversion, Plaintiffs have been damaged in amounts equal to the monetary value of the property which Sycamore Township, and the Defendants have excluded Plaintiffs' care, custody, and control in violation of the law.

131.     As a direct and proximate cause of Sycamore Township and the Defendants conversion of Plaintiffs' property, Plaintiffs have suffered damages in excess of $25,000.00 to be determined at trial and including, but not limited to loss of use, mental .and emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment, attorney fees, and deprivation of property.

132.     Sycamore Township and Defendants' conversion of Plaintiffs' property was done maliciously, in bad faith, or wanton and reckless.

### COUNT III-DECLARATORY JUDGMENT

133.     Plaintiffs incorporate by reference into this paragraph each of their allegations from the preceding paragraphs.

134.     R.C. 2721.03 provides in part, "any person... whose rights, status, or other legal relations

31

are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, township resolution, contract, or franchise may have determined any question of construction or validity arising under the instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise and obtain a declaration of rights, status, or other legal relations under it."

135. Plaintiffs are persons as contemplated by R.C. 2721.03.

136. The aforementioned resolutions are a "township resolution" as contemplated by R.C. 2721.03.

137. The aforementioned resolutions have affected Plaintiff's property rights.

138. A real controversy exists between Plaintiffs and Sycamore Township, which are justiciable in character and requires speedy relief.

139. All parties which may be affected have been joined herein.

140. Remedy at law is unavailable or inadequate.

141. Plaintiffs are entitled to a declaratory judgment determining that the aforementioned resolutions improperly denied Plaintiffs' right to the motor vehicles, contents of the motor vehicles, and other personal property taken pursuant thereto.

## COUNT IV SECTION 1983.TITLE 42. U.S. CODE VIOLATION OF DUE PROCESS

142. Plaintiff incorporates by reference into this paragraph each of his allegations from the preceding paragraphs.

143. The resolutions are an unconstitutional abridgment on their face, and as applied, of the Plaintiffs' affirmative rights to due process as the resolutions were based on the Defendants' desire to enter onto the Plaintiff Gammarino and Plaintiff A. Gammarino's property without cause and without

obtaining a search warrant or complying with law concerning the Plaintiffs' right to notice of the removal of any and all property of every kind and description as set forth herein, and when the Defendants knew or should have known that there were no outstanding property maintenance violations served on the Plaintiffs as required by law, and the last property maintenance code violation against the Plaintiffs was in 2009, the Plaintiff Gammarino had a hearing on the 2009 alleged violations, and the Defendant Sycamore Township Board of Appeals found in favor of the Plaintiff Gammarino as to 3684 E. Galbraith Road, and 3700 E. Galbraith Road, Sycamore Township, Ohio. See attached Exhibit A.

144.    By the Defendants, as described herein, all defendants are liable to Plaintiffs under 42 U.S.C. § 1983 for the violations, under color of state law, of the constitutional rights to be free from any deprivation of property without due process of law under the Fifth and Fourteenth Amendments to the United States Constitution as the Defendants authorized or entered upon the Plaintiff Gammarino and Plaintiff A. Gammarino's property in violation of the Fourth Amendment, Fifth Amendment, and Fourteenth Amendment under color of law as set forth herein.

145.    Defendants' unlawful actions were done, willfully, knowingly, with malicious purpose and with the specific intent to deprive Plaintiffs of their constitutional rights as set forth herein and in addition by the Defendant Clark's statement to Jason Adkins "that (Plaintiff) Gammarino was "giving the (Sycamore) Township trouble." See attached Exhibit N.

146.    As a direct and proximate cause of Defendants' unlawful actions, Plaintiffs have suffered, and will continue to suffer, damages in excess of $25,000.00 to be determined at trial and including, loss of property and use of property, mental and emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment, and attorney fees.

33

## COUNT V- VIOLATION OF DUE PROCESS

147.     Plaintiffs incorporate by reference into this paragraph each of their allegations from the preceding paragraphs.

148.     Article 1, Section 16 of the Ohio Constitution provides that no person shall be deprived of life, liberty or property without due process of law.

149.     Defendants trespassed on Plaintiffs' property and improperly removed fifteen vehicles, personal property located within the vehicles, and valuable personal property by the passage of fraudulent resolutions to enter onto the land of the Plaintiff Gammarino and Plaintiff A. Gammarino.

150.     Defendants failed to adhere to statutory requirements; namely, R.C. 505.87 and R.C. 505.871 prior to removing Plaintiffs' property.

151.     Defendants failed to offer or provide Plaintiffs notice and an opportunity to be heard (i.e. due process of law [Fifth Amendment and Fourteenth Amendments of the U.S. Constitution, and Article 1, Section 16 of the Ohio Constitution]) prior to removing Plaintiffs' property.

152.     As a direct and proximate result of Defendants' failure to offer Plaintiffs' due process, Plaintiffs have suffered damages in excess of $25,000.00 to be determined at trial and including loss of property and use of property, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment, loss of income, plus pre and post judgment interest and costs, and attorney fees.

## COUNT VI -NEGLIGENCE

153.     Plaintiffs incorporate by reference into this paragraph each of their allegations from the preceding paragraphs.

154.     Defendants owed Plaintiffs a duty of care to adhere to due process requirements prior

34

to forcibly removing Plaintiffs' personal property from their real property and a duty of care to refrain from damaging Plaintiffs' property during its forcible removal of Plaintiffs' property.

155. Defendants owed Plaintiffs a duty of care to adhere to the statutory requirements of R.C. 505.87 and R.C. 505.871 prior to forcibly removing Plaintiffs' personal property and vehicles from their real property.

156. Defendants failed in their duties to the Plaintiffs by refusing to offer Plaintiffs due process before trespassing on Plaintiffs' property, obtaining authorization from the Plaintiffs to enter onto the Plaintiffs' real property, and denying Plaintiffs the use of their personal property.

157. Defendants failed in their duty to act with care when on Plaintiffs' property, to wit: damaging Plaintiffs' personal property without offer of recompense, taking property of the Plaintiffs' without recompense, and failing to comply with applicable laws of the State of Ohio and Sycamore Township.

158. Defendants failed to comply with the statutory requirements of R.C. 505.87 and R.C. 505.871 in connection with their removal of the Plaintiffs' vehicles, not sooner than fourteen days after Sycamore Township serves written notice of its intention to remove or cause the removal of the vehicles, and building materials on the Plaintiffs' properties as the motor vehicles were removed on October 26, 2021. See attached Exhibit O.

159. Defendants failed to comply with the statutory requirements of R.C. 505.87 in connection with their removal of Plaintiffs' personal property.

160. Defendants' breach of these duties, by and through their conduct, has damaged Plaintiffs' property and denied Plaintiffs lawful use of that property.

161. As a direct and proximate result of Defendants' negligent conduct, Plaintiffs have

suffered damages in in excess of $25,000.00 to be determined at trial and including loss of use and loss of property, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment, plus pre and post judgment interest and costs, and attorney fees.

## COUNT VII– REPLEVIN

162.    Plaintiffs incorporate by reference into this paragraph each of their allegations from the preceding paragraphs.

163.    The Defendants removed the following personal property from the Plaintiffs real property, including 2008 Ford F-150 (8308 St. Clair), value $4,500.00; 2004 Ford F-150 (8308 St. Clair). value $3,200.00; 2005 Toyota Camry (3684 E. Galbraith Road), value $2,500.00; 1993 Toyota T-100 Pick Up (3684 E. Galbraith Road), value $1,800.00; and  2007 Honda Odyssey (3700 E. Galbraith Road) value $10,800.00; 1990 Chevrolet Pick-Up, 3/4 Fleetside (3700 E. Galbraith Road), value $1,600.00; 1995 Ford Mustang (3700 E. Galbraith Road), value $9,000.00; 1990 Chevrolet Astro Van (3700 E. Galbraith Road), value $800.00; 1987 Pontiac Firebird (3700 E. Galbraith Road), value $9,500.00; 1985 Ford F-150 Pick up (3700 E. Galbraith Road), value $900.00; 1993 Jeep Eagle Summit (3700 E. Galbraith Road), value $1,000.00; 2002 Mercury CGS (3700 E. Galbraith Road), value $3,500.00; 2000 Honda Accord (3700 E. Galbraith Road), value $5,000.00; 1991 Mercury Sedan (3700 E. Galbraith Road), value $800.00; 2001 Mercury Cougar (3700 E. Galbraith Road) value $3,000.00; contents of the foregoing vehicles including but not limited to tools located within the vehicles, auto parts, cutting torches, chain saws (2), Stihl backpack blower, ceiling fan, kitchen faucets, bath faucets, air tank, jumper box for cars, Christmas and Halloween inflatable decorations, plumbing tools, copper fittings, soldering torch, Express Realty for sale sign, Craftsman and Snap On mechanic tools, electric drills (2), ten loppers, hand trimmers, Cub Cadet tune up kit, electric pump for a gas

furnace, ladder rack, air conditioner, gas dryer, three downspouts, light fixtures, electrical cords (50 foot and 100 foot), two Hisense 4500 dehumidifiers, two rolls of electrical wire (12-3 and 14-2), entry door locks, kitchen cabinet hardware total value $11,600.00 located at 3684 E. Galbraith Road, 3700 E. Galbraith Road, and 8308 St. Clair; three Troy Bilt lawnmowers at 3684 E. Galbraith, value $700.00; roofing shingles at 3684 E. Galbraith Road, value $2,200.00; window at 3684 E. Galbraith Road, value $200.00; garbage can at 3684 E. Galbraith Road, value $15.00; plenums (four) at 3684 E. Galbraith Road, value $400.00; tire and rim at 3684 E. Galbraith Road value $100.00; shovel at 3684 E. Galbraith Road value $10.00; spud bar at 3684 E. Galbraith Road value $20.00; rake at 3684 E. Galbraith Road value $20.00; Bolens weed eater 3684 E. Galbraith Road value $100.00; gasoline hedge trimmer value 3684 E. Galbraith Road $150.00; vinyl siding and all accessories at 3684 E. Galbraith Road value $35,000.00; pressure washer at 3684 E. Galbraith Road value $249.00; stainless steel range hood by Captur at 3684 E. Galbraith Road value $189.00; Trane 97% furnace at 3700 E. Galbraith Road value $5,200.00; thirty inch entry door with stained glass and complete frame at 3700 E. Galbraith Road value $1,790.00; vinyl siding at 3700 E. Galbraith Road value $450.00; two car jacks and two sets of car ramps at 3700 E. Galbraith Road value $350.00; lawn chair at 3700 E. Galbraith Road value $10.00; Sears 20 gallon air compressor at 3700 E. Galbraith Road value $250.00; two pallets of shingles at 3700 E. Galbraith Road value $1,800.00; two lawn mowers at 3700 E. Galbraith Road value $250.00; Stihl extended gasoline pole saw at 3700 E. Galbraith Road value $350.00; fifty four foot length 32 gauge gutter at 3700 E. Galbraith Road value $275.00; shrubs at 3700 E. Galbraith Road value $250.00; spool of 8-3 underwater wire located at 3700 E. Galbraith Road value $1,500.00; Duration roof shingles located at 8308 St. Clair value $2,800.00; lumber-treated and untreated- of various sizes at 8308 St. Clair value $11,500.00; six foot double door with frame full view at 8308 St.

Clair value $975, and gutters and downspouts at 8308 St. Clair value $250.00; the foregoing items total $136,853.00.

164.     The Plaintiff Gammarino owned all items listed in paragraph 163 free and clear of any liens or encumbrances thereon and the titles or evidence of ownership to all of the motor vehicles, bills of sale, or reports of the Hamilton County Clerk of Courts for vehicles crushed/scrapped by Defendants (without notice to any of the Plaintiffs as required by R.C. § 4505.104 ) are attached hereto and marked Exhibit P.

165.     The Defendants, who are the respondents, came into possession of the property as the result of the allegations contained in this complaint and the false statements by the Defendant Miller that "he believes historically there have been issues with this property," i.e., 3700 E. Galbraith Road,. and the reason that the detention of the foregoing  is wrongful is the items were removed by the Defendants without notice as required by law as alleged in this complaint, were not vegetation, garbage, refuse and other debris, and, to the best of the knowledge of the Plaintiffs, the reason, if any, that the Defendants may claim the detention is not wrongful are the Defendants are Sycamore Township or employees of Sycamore Township, or agents of Sycamore Township and the Defendants can do as they please.

166.     The use to which the Defendants have put the property is undetermined by the Plaintiffs as the Plaintiffs have been unable to locate any of the personal property removed, and the Plaintiffs have not received any notice from any of the Defendants the motor vehicles have been sold or retitled as required by law.

167.     The Plaintiffs is or will be damaged by the Defendants' detention of the foregoing property in an amount not less than $300,000.00.

168.     To the best of the Plaintiffs' knowledge, the location of the foregoing property and motor vehicles is in the possession of the Defendants.

169.     That the foregoing property was not taken for a tax, assessment, or fine pursuant to statute, or seized under execution of judgment against the property of the Plaintiffs.

170.     That the Defendants never attempted to contact Plaintiff Gammarino and Plaintiff A. Gammarino at any time and Defendants used the passage of the "nuisance property" resolutions "to go on this property to clean it up and document the rest of the site."

171.     That Defendant Miller "noted if at any time during enforcement the owner is responsive, the Township can halt enforcement" and the Defendants refused to halt enforcement or respond to the Plaintiff Gammarino's inquiries.

172.     That Defendant Miller could only view the motor vehicles on the property by the use of Google maps and never entered onto the property to determine if there was vegetation, garbage, refuse or other debris on any of the properties owned by Plaintiff Gammarino or Plaintiff A. Gammarino, all to the damage of the Plaintiffs.

**COUNT VIII– SELECTIVE ENFORCEMENT**

173.     Plaintiffs incorporate by reference into this paragraph each of their allegations from the preceding paragraphs.

174.     That while others similarly situated as the Plaintiff have not generally been proceeded against because of conduct of the type forming the basis of the charges or action taken against the Plaintiffs, including but not limited to declaring the Plaintiff Gammarino and Plaintiff A. Gammarino's property a nuisance and the Defendants' assertions "the approval of the trash resolution would give the Township the ability to go on this property to clean it up and document the rest of the site" without any

basis the property was a nuisance.

175.     That the Defendants' discriminatory selection of the Plaintiffs for the taking of the Plaintiffs' personal property as described herein has been invidious or in bad faith and was taken to permit the Defendants to enter on the Plaintiffs' real properties when the Plaintiff Gammarino told the "Planning & Zoning Department" "to stay off his property,." and based upon such impermissible considerations to prevent Plaintiffs from exercising their constitutional rights to be free from unreasonable searches and to deprive the Plaintiffs of constitutional rights to a full and fair impartial hearing before a tribunal prior to the taking of the Plaintiffs' personal property in violation of the Fourth Amendment by the Defendant Clark entering on the Plaintiffs' properties after the Defendants were notified not to enter upon the Plaintiffs' property without the permission of the Plaintiffs in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

176.     That the discrimination by the Defendants was intentional and purposeful as the Defendants declared the Plaintiffs' property was "declared a nuisance due to property maintenance code violations" although no such property maintenance code violations were served on any of the Plaintiffs in compliance with law.

177.     That the law as applied by the Defendants is unconstitutional due to lack of notice to the Plaintiffs in violation of the Plaintiffs' due process rights, including but not limited to the Fifth Amendment and Fourteenth Amendment of the U.S. Constitution, and Article 1, Section 16 of the Ohio Constitution.

178.     Defendants actions were intentional discrimination as the Defendants chose to take the Plaintiffs' personal property while permitting other violators to proceed unmolested with the Defendants' full knowledge and approval, such as 8567 Plainfield Road, Sycamore Township, Ohio,

40

(property of the Sycamore Township maintenance supervisor), 8315 Gwilada Drive, Sycamore Township, Ohio, 4529 Sycamore Road, Sycamore Township, Ohio (12 cars under tarps), 4211 Woodlawn Avenue, Sycamore Township, Ohio, 4314 Woodlawn Avenue, Sycamore Township, Ohio, 8362 Lake Avenue, Sycamore Township, Ohio, 4222 Myrtle Avenue, Sycamore Township, Ohio, 4226 Myrtle Avenue, Sycamore Township, Ohio, 4313 Myrtle Avenue, Sycamore Township, Ohio, 8313 York Street, Sycamore Township, Ohio, 8305 York Street, Sycamore Township, Ohio, 8218 St. Clair Avenue, Sycamore Township, Ohio, 3803 Mantell Avenue, Sycamore Township, Ohio, 3894 Mantell Avenue, Sycamore Township, Ohio, 3900 E. Galbraith Road, Sycamore Township, Ohio, 8463 Vohrees Avenue, Sycamore Township, Ohio, 8498 Smallwood Lane, Sycamore Township, Ohio, 8362 Lake Avenue, Sycamore Township, Ohio, 4456 Crystal Avenue, Sycamore Township, Ohio, 8711 Lancaster Avenue, Sycamore Township, Ohio, 4312 Woodlawn Avenue, Sycamore Township, Ohio, 4322 Williams Avenue, Sycamore Township, Ohio, 4461 Emerald Avenue, Sycamore Township, Ohio, 8474 Smallwood Lane, Sycamore Township, Ohio, 8312 St. Clair Avenue, Sycamore Township, Ohio, 7408 Richmond Avenue, Sycamore Township, Ohio, 7410 Richmond Avenue, Sycamore Township, Ohio, 8160 Richmond Avenue, Sycamore Township, Ohio, 4504 Harrison Avenue, Sycamore Township, Ohio, 4458 Crystal Avenue, Sycamore Township, Ohio.

179.    All of the properties listed in paragraph 153 of this complaint have multiple property violations of the Sycamore Township Property Maintenance Code, which are visible from the street and do not require the Defendants to view aerial imagines to detect an alleged violation to enter onto the property.

180.    That the Plaintiffs have never received a notice from the Defendants where the Plaintiffs' property or vehicles or personal property are located, all to the damage of the Plaintiffs.

41

## COUNT IX– R.C. 2307.60

181.    Plaintiffs incorporate by reference into this paragraph each of their allegations from the preceding paragraphs.

182.    The Defendants Sycamore Township, James, LaBarbara, Weidman, Miller, Clark, Porter, Warrick, John Doe Towing, and John Does trespassed or authorized the trespass on certain land and premises owned by the Plaintiffs located at 3684 E. Galbraith Road, Sycamore Township, Ohio, 3700 E. Galbraith Road, Sycamore Township, Ohio, and 8308 St. Clair Avenue, Sycamore Township, Ohio, removing personal property of the Plaintiffs without the Plaintiffs' authorization or consent.

183.    The Defendants actions entering or authorizing entrance onto the Plaintiffs' real property and removing personal property from the Plaintiffs' properties, without the Plaintiffs' consent or pursuant to applicable laws or court orders, constitutes a theft offense.

184.    The Plaintiffs have a right to possession of the land and premises located at 3684 E. Galbraith Road, Sycamore Township, Ohio, 3700 E. Galbraith Road, Sycamore Township, Ohio, and 8308 St. Clair Avenue, Sycamore Township, Ohio, and that the Defendants Sycamore Township, James, LaBarbara, Weidman, Miller, Clark, Porter, Warrick, John Doe Towing, and John Does entered or authorized entry upon the foregoing land and/or premises of the Plaintiffs without permission from the Plaintiffs on June 14, 2021, June 24, 2021, June 30, 2021 and October 26, 2021, and Defendants authorized or took personal property of the Plaintiffs and damaged the personal property of the Plaintiffs, all to the damage of the Plaintiffs.

185.    The Defendants neatly stacked the building materials taken from the Plaintiffs' properties at the time of removal as all items removed were new and unused building materials.

186.    Plaintiffs incorporate each paragraph in this complaint in every claim asserted herein.

WHEREFORE, Plaintiffs respectfully requests this Court to:

1.      Enter a judgment finding Defendants violated Federal and Ohio law as set forth above;

2.      Award compensatory damages that will reasonably compensate Plaintiffs for their damages, including but not limited to loss of business opportunity, liquidated damages, and losses arising from taking of property, and trespass;

3.      Award Plaintiffs an amount to be determined at trial for violation of the Plaintiffs' rights guaranteed by the U.S. Constitution, the Ohio Constitution, the laws of the State of Ohio, and the laws/ordinances/and resolutions of Sycamore Township;

4.      An award of three times the value of the property removed by the Defendants or damaged by the Defendants or taken by the Defendants.

5.      An award of punitive damages against the individual Defendants;

6.      Award Plaintiffs reasonable attorney fees and costs of this action;

7.      Grant Plaintiffs such other and further relief as may be just and equitable and/or permitted by law.

/s/ Robert G. Kelly
ROBERT G. KELLY        (0002167)
Attorney for Plaintiffs
4353 Montgomery Road
Norwood, Ohio 45212
513-531-3636
513-531-0135 fax
kelly@rgkellylaw.com

43

**JURY DEMAND**

Plaintiffs demand a trial by jury.

/s/ Robert G. Kelly
Robert G. Kelly


STATE OF OHIO          )
                                ) ss:
COUNTY OF HAMILTON  )

Al Gammarino, after being duly cautioned and sworn, states that the allegations contained in the within complaint are true and accurate to the best of his knowledge and belief.

/s/ Al Gammarino
Al Gammarino

Sworn to and subscribed in my presence by Al Gammarino this  8th  day of March, 2023.

/s/ Robert G. Kelly
Notary Public
Attorney at Law, My Commission has
no expiration


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent to Jared A. Wagner, Esq., and Jane Michele Lynch, Esq., Attorneys for Defendants by email this 8th day of March, 2023, and through the Court's ECF system.

/s/ Robert G. Kelly
Robert G. Kelly