IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **Al Gammarino, Trustee, et al.** | : | CASE NO.  1:22cv200 |
| | | Judge Douglas R. Cole |
| Plaintiffs, | : | Magistrate Judge Karen L. Litkovitz |
| v. | : | |
| **Sycamore Township, et al.** | : | **MEMORANDUM OF THE SYCAMORE TOWNSHIP DEFENDANTS IN** |
| Defendants. | : | **OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN** |
| | : | **AMENDED COMPLAINT** |

Defendants Sycamore Township (the "Township"), Sycamore Township Trustees Tom James, Jim Labarbara, and Tom Weidman (collectively referred as the "Trustees"), Sycamore Township Planning and Zoning Administrator Skylor Miller, Sycamore Township Zoning Inspector Kevin Clark, Sycamore Township Fiscal Officer Robert C. Porter, and Sycamore Township Administrator Ray Warrick (as referred to by Plaintiffs in the proposed amended complaint), submit the following memorandum in opposition to Plaintiffs' motion seeking leave to file an amended complaint (Doc. No. 13, PageID 250-251).  Although Plaintiffs have raised additional allegations and claims and attached numerous documents to the proposed amended complaint (Doc. No. 13-1, PageID 252-295, Docs. No. 13-2 to 13-17, PageID 296-358), leave to amend should be denied as futile because the proposed amended complaint would still not survive a motion to dismiss for the following reasons: [1]

---

[1] Indeed, while Plaintiffs have finally abandoned some of the clearly baseless allegations set forth in the initial complaint, such as their claims under § 1981, § 1985, and § 1986, it appears that Plaintiffs did not fully heed the numerous warnings regarding Rule 11 and frivolous allegations and claims set forth by the Court in its Opinion and Order dismissing the initial complaint (Doc. No. 12, PageID 235-149).  For instance, Plaintiffs still seek recovery of treble damages, recovery for official capacity claims against the individual defendants in addition to their claims against the Township, recovery for intentional torts against the Township, and recovery of punitive damages against the Township.

- The proposed amended complaint names each individual defendant in their official as well as their individual capacities. The official capacity claims, under both federal and state law, are treated as claims against the Township and such claims are subject to dismissal as duplicative of the claims against the Township;
- The individual defendants are entitled to qualified immunity on the constitutional claims;
    - Section 1983 is not an independent basis for recovery;
    - Neither the abatement of a nuisance nor the entry onto property to post notices of violations constitute a violation of the Fourth Amendment;
    - The Fifth Amendment is not implicated when the state exercises its police power to abate a nuisance;
    - Plaintiffs' substantive due process claim under the Fourteenth Amendment is barred by the application of the more specific Fourth and Fifth Amendment claims;
    - Plaintiffs' selective enforcement claim fails because they have not alleged that they are members of an identifiable group, such as race or religion and have not alleged any discriminatory purpose or effect related to the actions taken against them;
    - Plaintiffs have failed to raise allegations identifying the allegedly unconstitutional actions committed by each of the individual defendants;
    - There is no prior case law that would clearly establish that the actions of the Defendants would violate the constitution;
- The Township is entitled to dismissal of the constitutional claims due to the lack of allegations sufficient to establish a constitutional violation by a Township employee and the lack of allegations sufficient to establish that it was a moving force behind any alleged constitutional violations;

- The Township is entitled to statutory immunity pursuant to Ohio Revised Code 2744 on the state law claims:
    - The Township has statutory immunity for the trespass and conversion claims as they are intentional torts and there is no exception to immunity for such torts;
    - The Township has statutory immunity from the negligence claim because the abatement of a nuisance is a governmental function;
    - The Township has statutory immunity from the Ohio Revised Code 2307.60 claim as that statute does not contain a provision expressly overriding immunity;
    - The Township has statutory immunity from the replevin claim because Plaintiffs seek recovery of monetary damages as opposed to the return of their property;
- The individual defendants are entitled to statutory immunity on the state law claims because negligence is insufficient to abrogate such immunity and there are no factual allegations demonstrating malice, bad faith, wanton, or reckless behavior as is necessary to overcome their immunity for the trespass, conversion, and replevin claims;
- The individual defendants are entitled to absolute immunity as the claims relate to legislative (or at least quasi legislative) actions;
- The declaratory judgment claim must be dismissed since Defendants are entitled to immunity on the underlying claims and Plaintiffs seek recovery for past wrongs rather than to prevent future harm;
- There is no basis for treble damages;
- The claim for punitive damages should be dismissed because such damages cannot be recovered against the Township under either federal or state law and there are no factual allegations establishing malice or callous indifference by the individual defendants;

- Plaintiffs cannot recover attorney fees under the state law violations.

## MEMORANDUM

I. **Relevant procedural history and facts as alleged in the proposed amended complaint**

Plaintiffs initiated this action in state court, and it was removed to this Court on the basis of federal question jurisdiction. (Notice of removal with attached copy of the initial complaint, Doc. No. 1, PageID 1-34.) Defendants subsequently filed an answer (Doc. No. 3, PageID 59-71) with numerous public records attached thereto (Docs. No. 3-1 to 3-26, PageID 72-171). Defendants also filed a motion for judgment on the pleadings (Doc. No. 5, PageID 173-189), which this Court granted on February 7, 2023 (Doc. No. 12, PageID 235-249). However, the dismissal was granted without prejudice, and the Court allowed Plaintiffs thirty days to seek leave to amend the complaint and submit a proposed amended complaint. (*Id.* at PageID 249.) On March 8, 2023, Plaintiffs file a motion for leave to amend (Doc. No. 13, PageID 250-251) along with a proposed amended complaint (Doc. No. 13-1, PageID 252-295) and numerous documents attached thereto (Docs. No. 13-2 to 13-17, PageID 296-358).

Plaintiffs' claims arise out of the allegedly wrongful remediation of several nuisance properties they purportedly owned. (Prop. Am. Complaint at ¶ 26-108, PageID 258-279.) Plaintiffs allege that the Trustees passed a resolution declaring their properties at 3684 E. Galbraith Road, 3700 E. Galbraith Road, and 8308 St. Clair Avenue nuisances. (*Id.*) Plaintiffs further allege that they kept unidentified "building materials" of allegedly significant value on these nuisance properties and were never provided notice of the resolution until after it was enforced and the building materials were removed as part of the remediation of the nuisances. (*Id.*) Plaintiffs also allege that the Township Trustees passed "a number of resolutions" declaring motor vehicles on Plaintiffs' properties to be junk vehicles. (*Id.*) Plaintiffs allege that they were not given notice of

4

these resolutions and that the vehicles were improperly removed from their property pursuant to these resolutions. (*Id.*) The public records attached to the Sycamore Township Defendants' Answer, however, clearly show that notices of the violations and resolutions were duly and appropriately sent to the owners of the properties in question. (Answer at ¶ 15-25 and Exhibits A-Z attached thereto, Docs. No. 3-1 to 3-26, PageID 72-171.) Moreover, the documents attached to Plaintiffs' proposed amended complaint likewise demonstrate that Plaintiffs received ample notice of the allegations of nuisance regarding their property and the junk vehicles thereon. For instance, Exhibit D to the proposed amended complaint (PageID 305-309) is a letter from one of the Plaintiffs in which he admits to received notice of the nuisance determination prior to the removal of the property at issue.

II. **Standard of Review**

Whether to grant or deny a motion to amend pursuant to Fed. R. Civ. P. 15(a) is within the discretion of the trial court. *Fontain v. Lane*, No. 1:19-CV-304, 2022 WL 6764821, at *11 (S.D. Ohio Oct. 11, 2022). Leave to amend should be denied where the proposed amendment will cause undue delay or prejudice to the opposing party, the amendment is motivated by bad faith or dilatory motive, or the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "The test for futility is whether the amended complaint could survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss." *Fontain*, 2022 WL 6764821 at *11 (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000)).

"A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is analyzed in much the same manner as a motion to dismiss under Rule 12(b)(6)." *Skyway Group, Inc. v. GE Honda Aero Engines LLC*, S.D. Ohio No. 1:21-CV-51, 2021 WL 5918913, *3. Such a motion requires a consideration of whether the complaint contains sufficient factual allegations to

state a claim to relief that is plausible on its face. *Coley v. Lucas Cty., Ohio*, 799 F.3d 530, 536 (6th Cir.2015). A court must take only well pled factual allegations as true and reject both legal conclusions couched as factual allegations and allegations that are nothing more than "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Skyway Group* at *3 (quoting *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008)). As summarized by this Court, an action will be dismissed under this standard where either "there is no law to support the claims made" or "the facts alleged are insufficient to state a claim." *Id.* Additionally, a court may consider documents attached to the defendant's answer in a Rule 12(c) motion when they are integral to the claims and the authenticity of the documents is not disputed. *Rinear v. Capital Mgmt. Servs., L.P.*, S.D. Ohio No. 1:12-cv-958, 2013 WL 1131069, at *2.

III. **The official capacity claims against the individual defendants must be dismissed as duplicative of the claims against the Township**

Plaintiffs' official capacity claims against the individual defendants are merged into their claims against the Township. *Baar v. Jefferson County Bd. of Educ.*, 476 F. App'x 621, 634 (6th Cir. 2012); see also *Lane v. City of LaFelle, Tenn.*, 490 F.3d 410, 423 (6th Cir. 2007) ("Plaintiff's claims against Defendants in their official capacity are, in effect, claims against the City"). Moreover, this is true as to the Ohio state law claims as well. *Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483, paragraph two of the syllabus. Thus, because the Township is already a party to this matter, the official capacity claims are redundant and duplicative and subject to dismissal. *Mitchell v. Fujitec Am., Inc.*, 518 F. Supp. 3d 1073, 1101 (S.D. Ohio 2021).

IV. **The individual defendants are entitled to qualified immunity from Plaintiffs' constitutional claims**

6

The doctrine of qualified immunity provides that government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Reid Mach. Inc. v. Lanzer*, 421 F. App'x. 497, 501-502 (6th Cir. 2010). "Qualified immunity gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Chappell v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009) (quoting *Hunter v. Bryant*, 502 U.S. 224, 229 (1991)). Thus, qualified immunity will apply and shield a defendant from liability irrespective of whether the defendant's error was a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact. *Chappell*, 585 F.3d at 907 (citing *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009)). Qualified immunity is not a defense to liability, it is a preclusion of suit intended to protect the officer entitled to it from the burdens and costs of discovery and trial. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

"Qualified immunity is a two-prong inquiry: (1) whether the plaintiff has shown a violation of a constitutional right, and (2) whether the constitutional right was 'clearly established' at the time of the violation." *Reid Mach.,* 421 F. App'x. at 501-502 (citing *Pearson*, 129 S. Ct. at 815-16). "[T]o satisfy the second prong of the standard, a plaintiff must show that the right was clearly established in a 'particularized sense,' such that a reasonable official confronted with the same situation would have known that" the alleged actions would result in the violation of a constitutional right. *Chappell*, 585 F.3d at 907 (citing *Brosseau v. Haugen*, 543 U.S. 194, 199-200 (2004)). Accordingly, dismissal is appropriate unless the plaintiff has alleged facts showing "that **every** reasonable official would have understood that what he was doing violated that right." *Thomas v. Plummer*, No. 11-3165, 2012 WL 2897007, at *2 (6th Cir. July 17, 2012) (emphasis added) (quoting *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2083 (2011)). In making this determination

7

a court must consider whether there is any prior case law with facts similar to those alleged by the plaintiff demonstrating that the allegedly tortious actions are unconstitutional. *Ryburn v. Huff*, 132 S. Ct. 987, 990 (2012). The lack of any such prior case law demonstrates that an officer is entitled to qualified immunity. *Id.* Additionally, the existence of case law even tangentially demonstrating that the actions were arguably constitutional also supports a finding of qualified immunity. *Id.* The Supreme Court "has repeatedly told courts not to define clearly established law at a high level of generality." *City of Escondido, Cal. v. Emmons*, 139 S. Ct. 500, 503 (2019). Instead, "the clearly established right must be defined with specificity." *Id.*

      1. <u>First Prong – The allegations are insufficient to demonstrate a constitutional violation</u>

Plaintiffs' proposed amended complaint seeks recovery under § 1983 and the Fourth, Fifth, and Fourteenth Amendments. (PageID at 283-285). Section 1983, however, is not itself a source of substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Regarding the Fourth Amendment allegation, "as long as procedural due process standards are met and no unreasonable municipal actions are shown, a nuisance abatement action does not violate the Fourth Amendment." *Patel v. Glenn*, No. 21-3499, 2022 WL 16647974, at *7 (6th Cir. Nov. 3, 2022) (citing *Embassy Realty Invs. v. City of Cleveland*, 572 F. App'x 339, 345 (6th Cir. 2014) (finding that warrantless entry and demolition of property after it has been declared a nuisance "does not invade a constitutionally-protected privacy interest"); see also *Jamison v. Angelo*, No. 4:10CV2843, 2012 WL 4434152, at *9–10 (N.D. Ohio Sept. 24, 2012) (finding that "the warrantless entry to abate a nuisance does not violate the Fourth Amendment provided such entry does not invade a constitutionally-protected privacy interest."). Additionally, the alleged actions of Defendants in entering upon Plaintiffs' land in order to post notices of the nuisances did not violate the Fourth Amendment. *Widgren v. Maple Grove Twp.*, 429 F.3d 575, 580–81 (6th

8

Cir. 2005). As shown by both the documents attached to Defendant's answer (Docs. No. 3-1 to 3-26, PageID 72-171) and the proposed amended complaint (Docs. No. 13-2 to 13-17, PageID 296-358), the Township followed the prescribed statutory requirements, obtained declarations of nuisance violations, and provided numerous notices of those violations to Plaintiffs before the abatement of the nuisance occurred. Accordingly, there is no basis for a Fourth Amendment violation.

Regarding the Fifth Amendment claim, "[w]hile '[t]he United States and Ohio Constitutions prohibit the taking of private property for public use without just compensation, such compensation is not mandated when the state legitimately exercises police power to abate a property nuisance.'" *Mentor v. Eichels*, 11th Dist. Lake No. 201-L-097, 2015-Ohio-1068, ¶ 27-29 (citing *Embassy Realty Invests.*, 572 Fed.Appx. at 344). As stated by the Supreme Court, "[l]ong ago it was recognized that all property in this country is held under the implied obligation that the owner's use of it shall not be injurious to the community, and the Takings Clause did not transform that principle to one that requires compensation whenever the State asserts its power to enforce it." *Keystone Bituminous Coal Assn. v. DeBenedictis*, 480 U.S. 470, 491–492 (1987) (internal citation omitted). Again, the documents attached to the pleadings demonstrate that there is no basis for a Fifth Amendment violation claim.

Regarding the Fourteenth Amendment claim, it is well recognized that a party cannot bring a substantive claim under the Fourteenth Amendment's Due Process Clause when the claim is also covered by a more specific constitutional provision. *Anderson v. Hairabedian*, No. 20-4177, 2022 WL 1411784, at *3 (6th Cir. Feb. 10, 2022) (quoting *Albright*, 510 U.S. at 273). Accordingly, Plaintiffs' more general claims under the Fourteenth Amendment's Due Process Clause must give way to their more specific claims under the Fourth and Fifth Amendments. *Id.*

9

Plaintiffs' proposed amended complaint also attempts to raise a selective enforcement claim. (PageID 290-292.) To state such a claim Plaintiffs must allege facts demonstrating that (1) they belong to an identifiable group, such as a particular race or religion, that was singled out for enforcement while the law was not enforced against others not belonging to that group; (2) that there was discriminatory intent by the government; and (3) that the enforcement had a discriminatory effect on the group to which the Plaintiffs belong. *Libertarian Party of Ohio v. Husted*, 188 F. Supp. 3d 665, 670–71 (S.D. Ohio), *aff'd*, 831 F.3d 382 (6th Cir. 2016). Plaintiffs have not identified a particular group to which they belong, have not alleged that the laws in question were not enforced against others outside any such particular group, nor have they alleged that there was any discriminatory intent or effect in the enforcement of the nuisance abatement laws. Accordingly, the proposed amended complaint fails to set forth a selective enforcement claim and such a claim would be subject to dismissal. (*Id.*).

Additionally, "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior." *Heyerman v. County of Calhoun*, 680 F.3d 642, 647 (6th Cir.2012). Thus, "[p]ersonal involvement is a prerequisite to a section 1983 claim." *McGee v. Suciu*, No. 2:20-CV-1625, 2021 WL 2313669, at *4 (S.D. Ohio June 7, 2021), report and recommendation adopted, No. 2:20-CV-1625, 2021 WL 4169392 (S.D. Ohio Sept. 14, 2021) (citing *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381, at *1 (6th Cir. Sept. 20, 1995)). "Liability cannot be established absent a clear showing that the defendants were **personally involved** in the activity forming the basis of the alleged unconstitutional behavior." *Rizzo v. Goode*, 423 U.S. 362, 372 (1976) (emphasis added). "A claimed constitutional violation must be based upon **active** unconstitutional behavior." *McGee* supra (emphasis added) (citing *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir.

2002)). Plaintiffs' proposed amended complaint fails to allege facts showing the manner in which each individual defendant allegedly violated the constitution. Accordingly, the constitutional claims would also be subject to dismissal for this reason as well.

### 2. Second Prong – The alleged violations were not clearly established

Plaintiffs have failed to identify any case law with similar facts in which liability was found for a constitutional violation. Thus, the individual defendants are also entitled to qualified immunity under the second prong of the test. *Ashcroft*, 131 S.Ct. at 2083.

### V. **The Township is entitled to dismissal of the constitutional claims because the allegations are insufficient to demonstrate an underlying constitutional violation by an employee and there are no allegations showing that the Township was the moving force behind any constitutional violation that may have occurred**

To properly assert a constitutional liability claim against a municipality a complaint must set forth plausible facts establishing a custom or policy adopted by the municipality that resulted in the deprivation of a federally protected right. *Jarvis v. Marcum*, 77 F. App'x. 308, 310 (6th Cir. 2003). A local government may not be held liable solely because it employs an alleged tortfeasor. *Bd. of Cty. Commrs. of Brian Cty., Okl. v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. A plaintiff attempting to bring such a claim must do more than simply recite the critical elements of a § 1983 claim against the city and must allege specific facts demonstrating the precise policy at issue and the manner in which it was violated. *Williams v. City of Cleveland*, No. 1:09CV1310, 2009 WL 2151778, at *4 (N.D. Ohio July 16, 2009). "**To merely state that the City has a policy or custom is not enough**; Plaintiff must allege **facts**, which if true, demonstrate the City's policy ***." *Id.* (emphasis added). Moreover, it is well recognized

11

that "[t]here can be no *Monell* municipal liability under § 1983 unless there is an underlying unconstitutional act." *Baynes v. Cleland*, 799 F.3d 600, 622 (6th Cir. 2015) (quoting *Wilson v. Morgan*, 477 F.3d 326, 340 (6th Cir.2007)).

As discussed above, the allegations in the proposed amended complaint fail to set forth a constitutional violation by the individual defendants. Accordingly, there can be no basis for Plaintiffs to recover against the Township for the alleged constitutional violations. *Id*. Additionally, while the proposed amended complaint does contain some legal accusations that the Township has a policy of not following Ohio's nuisance abatement laws, there are no factual allegations made in support of those conclusory legal accusations. Therefore, the proposed amended complaint contains no basis to establish the Township's liability for any alleged constitutional violations that Plaintiffs may have suffered. *Jarvis*, 77 F. App'x. at 310; *Smith v. City of Cleveland*, No. 1:13 CV 2771, 2014 WL 639833, at *2-*3 (N.D. Ohio Feb. 18, 2014).

VI. **The Township is entitled to statutory immunity pursuant to Ohio Revised Code 2744 on the state law claims**

Courts must engage in a three-tiered analysis to determine whether a political subdivision is entitled to immunity from civil liability pursuant to Ohio Revised Code 2744. *Hubbard v. Canton Cty. Schl. Brd. Of Ed.*, 97 Ohio St.3d 451, 2002-Ohio-6718, ¶ 10. The first tier requires a determination of whether the defendant is a political subdivision, the second tier requires a determination of whether any of the exceptions to immunity in R.C. 2744.02(B) are applicable, and the third tier, which is only necessary if an exception to immunity is applicable, allows a political subdivision to reinstate its immunity under R.C. 2744.03(A)(1)-(5). *Hubbard* at ¶ 10-12.

1. The First Tier

Pursuant to R.C. 2744.02(A)(1), the default position in Ohio is that political subdivisions are entitled to immunity from any and all civil liability in tort as a matter of law, subject **only** to

12

the five enumerated exceptions set forth in R.C. 2744.02(B). *Id.* at ¶ 10. Thus, the **only** relevant question under the first tier is whether the entity claiming immunity is a political subdivision. *Id.*

R.C. 2744.01(F) includes municipal corporations, such as the Township, within the definition of a political subdivision. Indeed, Plaintiffs admit that the Township is a municipal corporation organized pursuant to Title 5 of the Ohio Revised Code. (PageID 256.) Thus, there is no dispute that the first tier of the statutory immunity analysis is satisfied, and the Township is entitled to immunity from Plaintiffs' state law claims as a matter of law unless one of the exceptions in R.C. 2744.02(B) are found to be applicable. *Id.* at ¶ 12.

2. The Second Tier

Under the second tier of the analysis, Plaintiffs have the burden of establishing the applicability of at least one of the exceptions to immunity in Ohio Revised Code 2744.02(B). *Id.* at ¶ 12. "[B]ecause of the broad grant of immunity in Ohio's Political Subdivision Tort Liability Act, to state an actionable tort claim against a political subdivision, a plaintiff must plead facts in the complaint sufficient to trigger the application of an R.C. 2744.02(B) exception to immunity." *Bucey v. Carlisle*, 1st Dist. Hamilton No. C-090252, 2010-Ohio-2262, ¶ 9.

Plaintiffs' proposed amended complaint seeks to recover against the Township under Ohio law for trespass (count I, PageID 279-281), conversion (count II, PageID 281-282), negligence (count VI, PageID 285-287), replevin (count VII, PageID 287-290), and Ohio Revised Code 2307.60 (count IX, PageID 290-293). Plaintiffs also seek a declaratory judgment (count III, PageID 282-283) under Ohio Revised Code 2721.03.

It is well settled that none of the exceptions to immunity are applicable to intentional torts such as trespass and conversion. *Bonkoski v. Lorain Cty.*, 9th Dist. No. 17CA011094, 2018-Ohio-2540, 115 N.E.3d 859, ¶ 10; *Wallace v. City of Rossford*, 6th Dist. Wood No. WD-17-061, 2018-

Ohio-2598, ¶ 30-32; *DSS Services, LLC v. Eitel's Towing, LLC*, 10th Dist. Franklin No. 18AP-567, 2019-Ohio-3158, ¶ 32; *Ohio ex rel. Faulkner v. City of Middletown, Ohio*, 688 Fed.Appx. 377, 380–81 (6th Cir 2017); *USA Parking Systems, LLC v. E. Gateway Community College*, N.D.Ohio No. 4:20CV1967, 2022 WL 312230, *5. Accordingly, the Township is entitled to immunity from these claims. *Id.*

Regarding the negligence claim, the exceptions to immunity in Ohio Revised Code 2744.02(B)(1), (3), and (4) are obviously not applicable because there are no allegations of negligence related to the operation of a motor vehicle, the maintenance of a public roadway, or an injury that occurred and was due to a physical defect on government property. Likewise, the only other remaining exception to immunity involving negligence, Ohio Revised Code 2744.02(B)(2), is also not applicable because that exception only applies within the context of a proprietary function and "it is well-settled that abating a nuisance is a governmental function." *Oliver v. City of Marysville*, 3d Dist. Union No. 14-18-01, 2018-Ohio-1986, ¶ 26 (citing *City of Mansfield v. Brister*, 76 Ohio St. 270 (1907), paragraph three of the syllabus); see also *Tackett v. Vill. of Carey, Ohio*, No. 306 CV 7014, 2007 WL 1500892, at *6 (N.D. Ohio May 18, 2007).

The final exception to immunity, Ohio Revised Code 2744.02(B)(5), is applicable where civil liability is **expressly imposed** upon the political subdivision by a section of the Ohio Revised Code. Addressing the limited nature of this exception, the statute further provides that "Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because that section provides for a criminal penalty, because of a general authorization in that section that a political subdivision may sue and be sued, or because that section uses the term 'shall' in a provision pertaining to a political subdivision." Plaintiff seeks to recover under Ohio Revised

14

Code 2307.60, which allows for the recovery of damages resulting from criminal violations, but federal courts have recognized that nothing within that statute expressly imposes liability upon political subdivisions sufficient to invoke this exception to immunity. *Green v. Taylor*, N.D.Ohio No. 1:03 CV 1804, 2006 WL 8448445, *23, aff'd, 239 Fed.Appx. 952; see also *Sollenberger v. Sollenberger*, 173 F.Supp.3d 608, 632–33 (S.D. Ohio 2016).

The Township also has immunity from the replevin claim because Plaintiffs seek damages under that claim and made no demand for the return of the allegedly improperly taken property. *Davis v. Springfield Police Dept.*, 2d Dist. Clark No. 2003-CA-44, 2004-Ohio-1164, ¶ 11; see ¶ 167 of the proposed amended complaint (PageID 289) and the demand for relief on PageID 294.

VII. **The individual defendants are entitled to statutory immunity on the state law claims because there are no factual allegations demonstrating that they acted with malice, in bad faith, wantonly, or recklessly**

Ohio Courts have recognized that the requirement for plaintiffs to set forth sufficient facts in the complaint "is particularly important in claims brought against a political subdivision and its employees, to which the provisions of R.C. Chapter 2744 apply." *Munday v. Lincoln Hts.*, 1st Dist. Hamilton No. C-120431, 2013-Ohio-3095, ¶ 28. Accordingly, "courts have held that for a plaintiff to successfully overcome a political subdivision's or its employee's motion to dismiss for failure to state a claim upon which relief can be granted, **the complaint must contain allegations that would remove those parties from the statutory protections afforded them * * *.**" *Id.* at ¶ 29 (emphasis added); *see also Digiorgio v. Cleveland*, 8th Dist. Cuyahoga No. 95945, 2011-Ohio-5878, ¶ 35-52 (granting judgment on the pleadings to police officers based on statutory immunity where the complaint alleged wanton and reckless behavior but did not contain factual allegations demonstrating such behavior).

15

Ohio Revised Code 2744.03 creates a presumption of immunity for official government acts carried out by employees of political subdivisions. "Township trustees are generally immune from suit when performing governmental duties." *Shelton v. Twin Twp.*, 12th Dist. Preble No. CA2014-07-004, 2015-Ohio-1602, ¶ 29 (citing *Champion Mall Corp. v. Champion Twp. Bd. of Trustees*, 11th Dist. Trumbull No. 2009–T–0102, 2010-Ohio-2051, ¶ 35).

Initially, it should be noted that Plaintiffs' negligence claim fails to overcome the individual defendants' statutory immunity as a matter of law. *Burgess v. Fischer*, 735 F.3d 462, 479 (6th Cir. 2013). Put simply, there are no exceptions to the immunity afforded to a public employee for simple negligence. *Id.*

Furthermore, while the proposed amended complaint contains conclusory legal accusations that the individual defendants acted with malicious purpose, in bad faith, or in a wanton or reckless manner, there are no **factual allegations**, plausible or otherwise, demonstrating that any of the individual defendants acted in such a manner. Absent any factual allegations demonstrating that the individual defendants acted maliciously, in bad faith, wantonly, or recklessly, they are entitled to statutory immunity and a dismissal of the state law claims. See *Vo v. Ohio Dept. of Job & Family Services*, S.D. Ohio No. 1:21-CV-241, 2021 WL 6033681, *8; *Kanu v. City of Cincinnati*, S.D. Ohio No. 1:19-CV-156, 2021 WL 779078, *15 ("Vague and blanket allegations of malice are insufficient to defeat defendants' motions to dismiss on the basis of tort immunity."); *Glasscock v. Village of Mt. Orab, Ohio*, S.D. Ohio No. 1:15-CV-454, 2016 WL 7971731, *9.

It should also be noted that, to the extent Plaintiffs are attempting to establish the exception to immunity in Ohio Revised Code 2744.03(A)(6)(c) for civil liability expressly imposed by the Revised Code, specifically Ohio Revised Code 2307.60, the same arguments set forth above regarding the application of the similar exception to immunity pertaining to the Township are

16

incorporated herein. Again, federal courts have recognized that Ohio Revised Code 2307.60 does not expressly impose liability sufficient to invoke an exception to statutory immunity. *Green*, 2006 WL 8448445 at *23; *Sollenberger*, 173 F.Supp.3d at 632–33.

### VIII. The individual defendants are entitled to absolute immunity[2]

In addition to statutory immunity, Ohio law also recognizes absolute immunity for legislative activity. *Curry v. Blanchester*, 12th Dist. Clinton No. CA2009-08-010, 2010-Ohio-3368, ¶ 27. Similarly, the U.S. Supreme Court has also recognized an absolute immunity from Section 1983 liability for legislative activity. *Bogan v. Scott–Harris*, 523 U.S. 44, 49 (1998); *Plain Local School Dist. Bd. of Education v. DeWine*, 464 F.Supp.3d 915, 920 (S.D. Ohio 2020). In this case, Plaintiffs admit that all of the allegedly improper actions taken against them were the result of resolutions passed by the Trustees. Accordingly, the individual defendants are entitled to absolute immunity from such legislative activity.

### IX. The declaratory judgment claim must be dismissed because Defendants are entitled to immunity on the underlying claims and Plaintiffs seek recovery for past wrongs rather than to prevent future harm

A declaratory judgment action merely requests a declaration as to the plaintiff's rights, status, and other legal relations but cannot, standing alone, compel a government official to perform a specific duty. *State ex rel. Gen. Motors Corp. v. Indus. Comm.*, 117 Ohio St. 3d 480, 2008-Ohio-1593, ¶ 10. "Thus, a declaratory judgment must be accompanied with injunctive relief in the form of a mandatory injunction in order to successfully compel the government to act." *Id.*

Furthermore, "[i]n order to maintain an action for declaratory judgment, a party must show that a real controversy exists between the parties, which is justiciable in character, and that speedy relief is necessary to the preservation of rights which may be otherwise impaired or lost." *Reinbolt*

---

[2] Defendants recognize that the Court has expressed doubts regarding the application of this immunity at this stage of the proceedings, and it is being raised herein in order to preserve the argument, not in disregard for the Court's holding.

*v. Nat'l Fire Ins. Co. of Hartford*, 158 Ohio App. 3d 453, 2004-Ohio-4845, ¶ 13-15 (citing *Burger Brewing Co. v. Liquor Control Comm.*, 34 Ohio St.2d 93, 97 (1973). "Essentially, courts have the power to resolve present disputes and controversies, **but do not have authority to issue advisory opinions to prevent future disputes**." *Id.* (emphasis added).

In this case, as demonstrated above, all of Plaintiffs' claims are without merit and subject to immunity or are otherwise subject to dismissal. Thus, there is no basis upon which a declaratory judgment could properly be issued. Moreover, Plaintiffs are clearly seeking an advisory opinion regarding the alleged impropriety of past wrongs rather than seeking to prevent future disputes. Indeed, the declaratory judgment action, even if was stated in terms of future disputes, which it is not, would still be insufficient as a matter of law because there is no accompanying request for injunctive relief. *Burger Brewing*, 34 Ohio St.2d at 97. Accordingly, Plaintiffs' request for declaratory judgment is insufficient and would be subject to dismissal.

X.      **The claims for punitive and treble damages must be dismissed**

Plaintiffs cannot recover punitive damages against the Township under either federal or state law. *City of Newport v. Fact Concerts, Inc.* 453 U.S. 247, 271 (1981); Ohio Rev. Code § 2744.05(A). Thus, the punitive damages must be dismissed to the extent that Plaintiffs seeks to recover such damages based on their claims against the Township and official capacity claims against the individual defendants. *Id.*

Punitive damages are appropriate as to individual capacity claims only when a defendant's conduct is shown to have been motivated by evil motive or intent or involves reckless or callous indifference. *Smith v. Wade*, 461 U.S. 30, 56 (1983); *Villella v. Waikem Motors, Inc.*, 45 Ohio St.3d 36, 37 (Ohio 1989); Ohio Rev. Code § 2315.21(C). A claim for punitive damages must be dismissed where the plaintiff fails to allege sufficient facts to demonstrate the necessary evil intent

18

or callous indifference. *Boring v. Google Inc.*, 362 F. App'x. 273, 283 (3rd Cir. 2010), *cert. denied*, 131 S.Ct. 150 (2010). The proposed amended complaint fails to set forth any facts demonstrating the sort of motivation on the part of the individual defendants as would be necessary to obtain punitive damages against them. Accordingly, they are also entitled to the dismissal of that claim.

Finally, Plaintiffs seek treble damages in the proposed amended complaint, but do not set forth any basis, either under the common law or any federal or state statute, upon which they can recover such damages. Accordingly, there is no basis for recovery of treble damages based upon the pleadings, and that claim would also be subject to dismissal

## XI. **Plaintiffs cannot recover attorney fees from Defendants on the state law claims**

Ohio Revised Code 2744.05(A) prohibits the recovery of punitive damages and other exemplary damages, such as attorney fees, from municipal corporations. *McDonald v. Corning*, 5th Dist. No. 14-CA-00027, 2015-Ohio-3002, ¶ 27. "In the absence of statutory authorization, neither punitive damages nor attorney fees can be awarded against a municipal corporation." *Id.* (quoting *Hunsche v. City of Loveland*, 133 Ohio App.3d 535, 542 (1st Dist.1999)). Accordingly, Plaintiffs' claims for recovery of attorney fees related to the state law claims must be dismissed.

## XII. **Conclusion**

For the foregoing reasons, Plaintiffs' proposed amended complaint fails to set forth sufficient factual allegations to state a cause of action against the Defendants and overcome their various statutory and common law immunities. Accordingly, it would be futile to allow Plaintiffs' to amend the complaint and their motion for leave to do so should be denied.

Respectfully submitted,

/s Jared A. Wagner
JANE M. LYNCH (0012180)
Jared A. Wagner (0076674)
GREEN & GREEN, Lawyers

800 Performance Place
109 North Main Street
Dayton, Ohio 45402
Telephone: 937.224.3333
jmlynch@green-law.com
jawagner@green-law.com
*Attorneys for Defendants Sycamore Township, Tom James, Jim Labarbara, Tom Weidman, Skylor Miller, Kevin Clark, Robert Porter, and Ray Warrick*

## CERTIFICATE OF SERVICE

     I hereby certify that a true copy of the foregoing has been served upon counsel of record for Plaintiffs, Robert G. Kelly, 4353 Montgomery Road, Norwood, Ohio 45212, kelly@rgkellylaw.com, through the Court's electronic filing system and electronic mail on this the 29th day of March 2023.

/s Jared A. Wagner
Jared A. Wagner (No. 0076674)