UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| AL GAMMARINO, Trustee, et al. | : | CASE NO. 1:22 CV 200 |
| | : | |
| Plaintiffs | : | (Judge Cole) |
| | : | AMENDED |
| vs. | : | PLAINTIFFS' RESPONSE TO |
| | : | MEMORANDUM OF SYCAMORE |
| SYCAMORE TOWNSHIP, et al. | : | TOWNSHIP DEFENDANTS IN |
| | : | OPPOSITION TO PLAINTIFFS' MOTION |
| Defendants | : | FOR LEAVE TO FILE AN AMENDED |
| | : | COMPLAINT |

Now come the Plaintiffs, by and through undersigned counsel, and for their response to the

Defendants' Memorandum in Opposition to Plaintiffs' Motion for Leave to File an Amended

Complaint and state as follows:

## 1. *Motion to Dismiss Standard*

To survive a motion to dismiss the Plaintiffs "must allege facts that if accepted as true, are

sufficient to state a claim to relief that is plausible on its face," *Majestic Bldg. Maint., Inc. v.*

*Huntington Bancshares, Inc.*, 864 F.3d 455, 458 (6th Cir. 2017) (citing *Twombly*, 550 U.S. at 555),

and "are sufficient to 'raise a right to relief above the speculative level,'" *Rayfield v. City of Grand*

*Rapids*, 768 F. App'x 495, 501 (6th Cir. 2019) (quoting *Wesley v. Campbell*, 779 F.3d 421, 427 (6th

Cir. 2015)). The Plaintiffs' complaint does not contain "threadbare recitals of the elements of a cause

of action, supported by mere conclusory statements...." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.

Ct. 1937, 173 L. Ed. 2d 868 (2009); see also *Bailey v. City of Ann Arbor*, 860 F.3d 382, 388 (6th Cir.

2017) (explaining that "the plausibility standard of *Twombly* and *Iqbal*" applies to *Monell* claims);

*Rayfield*, 768 F. App'x at 500-01 (applying the plausibility standard to a *Monell* claim).

To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation

1

(1) of a right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom. *Hardrick v. City of Detroit*, 876 F.3d 238, 243 (6th Cir. 2017).

To hold Sycamore Township liable under *Monell*, the Plaintiffs are required to allege, and ultimately prove, that Sycamore Township, as opposed to any municipal employee, was responsible for the taking and prolonged detention of Plaintiffs' motor vehicles and personal property without process. *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). ("A municipality 'may not be sued under § 1983 for an injury inflicted solely by its employees or agents.'" (quoting Monell, 436 U.S. at 694)).

The Constitutional violation asserted is in part the Fourteenth Amendment's Due Process Clause which prohibits states from "depriving any person of . . . property, without due process of law." U.S. Const. amend. XIV, § 1. When state or local governments attempt to deprive an individual of his property, such as the Plaintiffs, the Due Process Clause guarantees the Plaintiffs an "opportunity to be heard" in "some form of hearing" "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965)).

Although due process generally requires "predeprivation notice and hearing," in some "extraordinary situations," a "valid governmental interest . . . justifies postponing the hearing until after the event." *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53, 114 S. Ct. 492, 126 L. Ed. 2d 490 (1993) (quoting *Fuentes v. Shevin*, 407 U.S. 67, 82, 92 S. Ct. 1983, 32 L. Ed. 2d 556 (1972)). The Plaintiffs were not granted a predeprivation notice and hearing or a post deprivation notice and hearing in this matter and the Plaintiffs' complaint clearly demonstrates the foregoing.

2

At this stage of the pleadings, the Plaintiffs have established that Sycamore Township has "such a policy or custom" by alleging facts that show "(1) the existence of an illegal official policy or legislative enactment (the passage of Resolutions that when carried into effect violate State law and the Resolutions passed by Sycamore Township); (2) that an official with final decision making authority ratified illegal actions (copies of all Resolutions passed by Sycamore Township were unanimously passed as emergencies and none of the Sycamore Township Trustees followed or carried into effect the Resolutions as passed and in addition violated State law; (3) the existence of a policy of inadequate training or supervision (Sycamore Township and its Trustees have a policy of inadequate training as they are unable to read or interpret Resolutions passed and comply with State law); or (4) the existence of a custom of tolerance or acquiescence of federal rights violations (Sycamore Township on at least six occasions took or removed the Plaintiffs' motor vehicles and personal property from at least three properties owned by the Plaintiffs)." Burgess, 735 F.3d at 478.

The Plaintiffs recognize that in order to establish municipal liability based on a "failure to train employees," the Plaintiffs must show the municipality's "deliberate indifference to constitutional rights." *Arrington-Bey v. City of Bedford Heights*, 858 F.3d 988, 994 (6th Cir. 2017) (citing *City of Canton*, 489 U.S. at 388). The rights of the Plaintiffs to either a pre-deprivation or post-deprivation hearing are set forth above. The Plaintiffs received no hearing prior to or after the taking of the Plaintiffs' personal property. The right to a hearing, the Plaintiffs' Fourth, Fifth, and Fourteenth Amendment rights are clearly established in the law. In addition, the Plaintiffs' right to notice before the taking of personal property is clearly established by the Sycamore Township Resolutions and State law. R.C. 505.871 and R.C. 505.87. The deliberate indifference of the Defendants as "municipal policymakers" is demonstrated in the proposed complaint filed in this

3

matter.  The Plaintiffs have directed the Court to Supreme Court and Sixth Circuit case law that establishes the Plaintiffs' right to notice prior to the taking of the Plaintiffs' property.  The Plaintiffs are not requesting this Court to establish times for notice or hearings for the Plaintiffs based on the Defendants taking of the Plaintiffs' property as those times are established in the Resolutions passed by Sycamore Township and State law.  R.C. 505.871.

  The Plaintiffs did not approach naming parties in a "shotgun" manner.  The Township Trustees are named for their failure or refusal to carry out the terms of the Resolutions it passed and fulfill its obligations to send notice to the Plaintiffs as contained in the Resolutions and as mandated by State law.  Defendant Skylor Miller was named for his failure to carry out obligations contained in the six resolutions to take action "upon proper notice and failure of the property owner(s) to remove said junk motor vehicles within fourteen (14) days of service of notice" on the Plaintiffs as required by Section 3 of the resolutions.  Kevin Clark was named for his failure to carry out obligations contained in the six resolutions to take action "upon proper notice and failure of the property owner(s) to remove said junk motor vehicles within fourteen (14) days of service of notice" on the Plaintiffs as required by Section 3 of the resolutions.  Robert C. Porter is the fiscal officer of the Sycamore Township and he is named as the expenses paid to Township employees, contractors, tow companies, or anyone involved in the taking of the Plaintiffs' personal property were all made in violation of law.  Ray Warrick, the Sycamore Township Administrator was named as he is required to assist in the administration, enforcement and execution of the policies and resolutions of the board and supervise and direct the activities of the affairs of the divisions of township government under the control or jurisdiction of the board.  R.C. 505.032.  In this case, Warrick failed to perform, including but not limited to, his duties imposed by law, and implemented policies of the

4

Board and resolutions that violate the law, and failed to supervise or direct the activities of the affairs of the division of the Township under the control or jurisdiction of the Trustees.

The John Doe Towing Companies are named as the removal of the motor vehicles violated the law and the Plaintiffs' motor vehicles have not been returned to the Plaintiffs.

The John Does are named as Defendants because the Plaintiffs are unable to determine who at this point assisted Sycamore Township in the removal of the Plaintiffs personal property.

Municipal bodies sued under § 1983 cannot be entitled to an absolute immunity, lest our decision that such bodies are subject to suit under § 1983 "be drained of meaning," *Scheuer v. Rhodes*, 416 U.S. 232, 248 (1974). It is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983 can be sued. This case unquestionably involves official policy as the moving force of the constitutional violations. *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)

**2.** *Naming Each Individual Defendant in their Official and Individual Capacity*

The Defendants are correct the Plaintiffs have named the individual Defendants along with Sycamore Township. See ¶ 6 through ¶ 12. The foregoing Defendants are those associated with the Defendant Sycamore Township. The Plaintiffs are unable to identify the John Doe Defendants until discovery is obtained from the Defendant Sycamore Township.

In the dismissal of the Plaintiffs' first complaint the Defendants attached a number of documents to the Defendants' answer. Now the Defendants claim the Plaintiffs attached numerous documents to the Plaintiffs' proposed complaint. The Defendants are correct. The attachments to the Plaintiffs' proposed complaint are attached to tell the Court with clarity that the attachments in

5

the Defendants' answer do not support the Defendants' position. They are further contradicted by the documents attached to the Plaintiffs' proposed complaint.

The Plaintiffs are not prohibited from naming the Defendants in their official capacity and individual capacity. The Plaintiffs have made it abundantly clear in the complaint that the Defendants entered onto the Plaintiffs' property without the Plaintiffs' permission and took items without notice or permission. See ¶ 36(h), 36(m), 36(n), 112, 113, 114, 122, 124, 149, 156, and 182. When "the Government obtains information by physically intruding" on persons, houses, papers, or effects, "a 'search' within the original meaning of the Fourth Amendment has "undoubtedly occurred." *Florida v. Jardines*, 569 U.S. 1, 133 S.Ct. 1409, 185 L.Ed.2d 495 (2013). Specifically, every action taken by the Defendants to enter onto to the Plaintiff's property was without a warrant. "[O]ur law holds the property of every man so sacred, that no man can set his foot upon his neighbour's close without his leave." 2 Wils. K. B., at 291, 95 Eng. Rep., at 817. *Id.*

All the Defendants are required to take an oath of office. R.C. 3.22. The oath requires every officer, including the Defendants, "to support the Constitution of the United States, and of this state, and also an oath of office." Article IV, § 7 of the Ohio Constitution. The law requiring a warrant to search a citizen's property has been in effect since the adoption of the United States Consitution. What the Defendants desire with their memorandum is to simply ignore over two hundred years of case law interpreting the necessity of a warrant to enter a person's property and simply obtain a green light to do as they please regardless of law. In addition, the Resolutions passed by the Defendant Trustees made it incumbent upon the Trustees to serve the Plaintiffs in compliance with law which is all set forth in the proposed complaint. One need merely read Section 2 of every Resolution to appreciate that the Board required itself to send the notices to the Plaintiffs. It is not the passage of

6

the Resolution, it is the failure to carry out what is required within the Resolutions that make the Trustees liable.

### 3. *Qualified Immunity*

Qualified immunity analysis involves three inquiries: (i) "whether, based upon the applicable law, the facts viewed in the light most favorable to the plaintiffs show that a constitutional violation has occurred;" (ii) whether the violation involved a clearly established constitutional right of which a reasonable person would have known; and (iii) whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir. 2005).

Qualified immunity is not applicable to the Defendants as their acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities and the actions of the Defendants were done with a malicious purpose, in bad faith, or in a wanton or reckless manner. R.C. 2744.03((A)(6); *O'Farrell v. Harlem Twp. Bd. of Trustees*, 5th Dist. Delaware Nos. 18 CAH 08 0059, 18 CAH 08 0062, 2019-Ohio-1675. The Plaintiffs have demonstrated and pled the Defendants' malice, bad faith, and wanton or reckless behavior by entering on the Plaintiffs property without a warrant but also in the violation of State law by removing the Plaintiffs' vehicles. See ¶ 36(f), 36(h), 44, 45, 46, 48, 49, 50, 52, 57, 58, 60,. 61, 62, 64, 69, 70, 72, 73, 74, 76, 114, 118, 149, 158, 163, and 165. The Plaintiffs have made it abundantly clear that the Defendants entered onto the Plaintiffs' property in violation of law but also the motor vehicles were removed in less than 14 days from the passage of the Sycamore Township Resolution which authorized the removal of the vehicles and therefor violated the clear language of the Resolutions and timelines set by statutory

law.  See Resolutions attached as Exhibits B, E, and H; R.C. 505.781.  In addition, in *O'Farrell*, the court found "appellants did not personally notify appellee of the date and time of the meeting at which the proposed resolution would be discussed and failed to follow statutory service procedures under R.C. 505.871, which governs notice for removal of junk motor vehicles in unincorporated territory, before coming on the premises and removing appellee's property."  *O'Farrell v. Harlem Twp. Bd. of Trustees*, 5th Dist. Delaware Nos. 18 CAH 08 0059, 18 CAH 08 0062, 2019-Ohio-1675. In *O'Farrell* the government employees and officials were denied immunity and the court stated "whether these failures were motivated by malice or bad faith, or whether they were wanton or reckless, are questions of fact for a jury to consider at trial." *Id.*

In Exhibits B, E, and H, the Resolutions for the removal of the Plaintiffs' motor vehicles state in section 2 of the foregoing Resolutions: "The Board shall provide for the removal of said junk motor vehicles from the property on which the vehicles are located, not sooner than fourteen (14) days *after the Board serves* written notice of its intention to remove or cause the removal of the vehicles on the owner's land and any holder of liens of record on the land."  The Resolutions make it incumbent on the Trustee Board to serve the foregoing notice.  Although the Defendant Trustees may have the authority to pass the Resolutions in question, there is also an obligation to follow through on the Resolutions to require Sycamore Township Trustees to provide the Plaintiffs with the required notices prior to the removal of the Plaintiffs' motor vehicles. The Trustees never completed their administrative task to notify the Plaintiffs of the foregoing resolutions and the potential removal of the Plaintiffs' motor vehicles.

In addition, only after "proper notice and failure of the property owner(s) to remove said junk motor vehicles not sooner than fourteen (14) days of service of notice, the Township shall provide

for removal of said junk motor vehicles..." *Id.*, See Section 3 of the foregoing Resolutions. The Sycamore Township Defendants, other than the Trustees, were tasked with the administrative responsibility only to remove the Plaintiffs' motor vehicles after the "written notice" by the Board. The Sycamore Township Defendants, other than the Trustees, acted in direct violation of the Resolutions as they did not have notices in their possession stating that the Board ever served the Plaintiffs and further, the Sycamore Township Defendants acted to remove the Plaintiffs' motor vehicles in less than fourteen days in direct violation of the Resolutions and statutory law. See R.C. 505.781.

The Defendants state at the top of page 8 of its memorandum "a court must consider whether there is any prior case law with facts similar to these alleged by the plaintiff demonstrating that the allegedly tortious actions are unconstitutional." The Plaintiffs direct the Court's attention to *O'Farrell v. Harlem Twp. Bd. of Trustees*, 5th Dist. Delaware Nos. 18 CAH 08 0059, 18 CAH 08 0062, 2019-Ohio-1675. The Court's attention is also directed to *Jacob v. Killian*, 437 Fed. Appx. 460, (copy attached), which is directly on point with the facts of this case.

The next issue asserted by the Defendants is that "the Township followed the prescribed statutory requirements" which is simply untrue. See ¶ 44, 48, 50, 52, 57, 60, 62, 64, 69, 72, 74, 76, and 158. The Defendants removed the Plaintiffs motor vehicles in less than fourteen days after passage of the Sycamore Township resolutions which is not only in violation of the law of the State of Ohio, R.C. 505.871, but the resolutions passed by Sycamore Township, See Exhibits B, E, and H, attached to the proposed complaint. The Defendants not only violated state law, the Defendants violated the resolutions passed by Sycamore Township, and the Defendants violated the Plaintiffs Fourth, Fifth, and Fourteenth Amendment rights as stated in the proposed complaint. The

9

Defendants may allege they were "following the law" but none of the Defendants did so in this case and the proposed complaint articulates it throughout the complaint for each parcel of real property.

As to the notices the Defendants allege were purportedly sent to the Plaintiffs, not one notice attached to the Defendants' original answer was sent to any of the Plaintiffs' residences. Exhibits B, C, E, F, H, K, L, O, P, S, U, V, X, and Y attached to the Defendant's answer filed April 19, 2022 are sent to an incorrect address for the Plaintiffs or there is no address on the notice. The only notice sent to the Plaintiffs' correct address is dated August 5, 2021, Exhibit R attached to the Defendants' answer to the first complaint, and occurred after the Defendants took the Plaintiffs' personal property and building materials. So the Defendants' representation to this Court concerning "the Township followed the prescribed statutory requirements" is simply false. Despite the Defendants' failure to comply with the law, the Defendants removed all of the Plaintiffs' vehicles on October 26, 2021 from 3684 E. Galbraith Road, 3700 E. Galbraith Road, and 8308 St. Clair Avenue. See ¶ 72 -76. The Defendants did not follow the statutory law or the Resolutions it passed as mentioned herein.

The Defendants, whether trustees or employees of Sycamore Township, never sent any of the notices required by R.C. 505.871 to any of the Plaintiffs by certified mail as required. See R.C. 505.871 (C)(3). There is not one certified mail return receipt for any purported notice by the Defendants sent to any of the Plaintiffs as required by the "statutory requirements" the Defendants allegedly followed. The Defendants sending notices to the wrong addresses, when the Defendants possess the Plaintiffs' correct address, and failing to send notices via certified mail hardly demonstrates statutory compliance or compliance with the Resolutions. In addition, "notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party, whether

unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable." *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). Further, in *Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950), the Supreme Court recognized that prior to an action which will affect an interest in life, liberty, or property protected by the Due Process Clause of the Fourteenth Amendment, a State must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. In Ohio, it has been held that due process requires notice by mail to a judicial lienholder before a foreclosure sale on real property. *Central Trust Co., N.A. v. Spencer* (1987), 41 Ohio App.3d 237, 535 N.E.2d 347. *Cent. Trust Co., N.A. v. Jensen*, 67 Ohio St.3d 140, 616 N.E.2d 873 (1993). Why should real property be different than personal property when the Ohio State Legislature requires notice in R.C. 505.871? Sticking a piece of paper under a windshield wiper does not and cannot comply with the requirement of sending certified mail to a proper address.

The next argument by the Defendants presupposes the Defendants compliance with law, and the Defendants beyond question failed to comply with the law as specifically alleged in the proposed complaint. The documents attached to the pleadings of the proposed complaint definitely demonstrate the taking of the Plaintiffs' property without due process as alleged in ¶ 36, 41, 53, 65, 77, 86, 87, 96, 97, 106, 107, 144, 151, and 177. The Plaintiffs have clearly demonstrated the Plaintiffs' property was taken by the Defendants without compliance with applicable laws. The Defendants allege "there is no basis for a Fifth Amendment violation claim" in the documents attached to the pleadings. The documents attached to the Plaintiffs' proposed complaint support the allegations in the Plaintiffs' complaint and make it clear the Defendants failed to comply with

11

applicable law prior to *taking* the Plaintiffs' property.

### 4.    *Selective Enforcement*

The Defendant next attacks the selective enforcement cause of action asserted by the Plaintiffs. The elements of selective enforcement are: The elements of the defense of selective enforcement/prosecution have been explained as follows: "to support a defense of selective prosecution, a defendant bears the heavy burden of establishing, at least prima facie, (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights." *State v. Flynt* (1980), 63 Ohio St.2d 132, 134, 407 N.E.2d 15 (citations omitted).

The Plaintiffs have asserted selective enforcement as a cause of action and the Plaintiffs have specifically named in the complaint thirty (30) other properties permitted to proceed unmolested by orders of Sycamore Township with the Defendants' full knowledge and approval. ¶ 178. The Plaintiffs did not allege merely one parcel of real property in Sycamore Township but rather a plethora of similarly situated properties to the Plaintiffs' property or worse. The Plaintiffs have alleged and adequately described the actions of the Defendants in taking the Plaintiffs' personal property, which includes motor vehicles and the contents inside the motor vehicles, was invidious and/or in bad faith. ¶ 175. The allegation is not merely a blanket assertion or boiler plate claim by the Plaintiffs but rather it has been explicitly set forth for the Court with attachments to the complaint the precise actions of the Defendants as to each property within the complaint. The

Plaintiffs alleged in the proposed complaint that the actions of the Defendants were taken because the Plaintiff Al Gammarino told the Defendants to stay off his property. ¶ 175. The Plaintiff Al Gammarino was exercising his right to keep the Defendants off of his property and to prevent unreasonable searches and seizures of the Plaintiffs' property without a warrant or his consent by Sycamore Township and its employees. *Id.* Most importantly, after Plaintiff Al Gammarino told the Defendants to stay off the Plaintiffs' property, the Defendants swarmed his property without a warrant or actions in compliance with state law or the *Sycamore Property Maintenance Code*. ¶ 175. The foregoing is stated with specificity in the proposed amended complaint. The Defendants used the "trash resolution" as essentially a search warrant to enter onto the Plaintiffs' property to "document the rest of the site." Record of Proceedings January 19, 2021 before Sycamore Township Trustees.

### 5.    *Lack of Allegations due to a Constitutional violation*

The Defendants assert the Plaintiffs "merely state that the City has a policy or custom" which is not enough, and the Plaintiffs accept that principle. The Plaintiffs averred much more than that, as will be shown below. The foregoing is preposterous as the following paragraphs deal with the factual allegations as to 3684 E. Galbraith Road, Cincinnati, Ohio, to wit: ¶ 42- ¶ 54. The following paragraphs deal with the factual allegations as to 3700 E. Galbraith Road, Cincinnati, Ohio, to wit: ¶ 55- ¶ 66. The following paragraphs deal with the factual allegations as to 8308 St. Clair Avenue, Cincinnati, Ohio, to wit: ¶ 67- ¶ 78. The foregoing assertions all demonstrate the Constitutional violation and are further supported by ¶ 32- ¶ 41. The Plaintiffs have attached Exhibit D to the proposed complaint which advised the Defendants "Do not enter my real property..." It is clear the Plaintiffs placed the Defendants on notice not to enter the Plaintiffs' properties. Likewise, the

13

Defendants claim that the Plaintiffs asserted conclusory legal allegations without factual allegations which is dispelled by reference to the complaint.

In all the Defendants' attachments to their initial answer to the Plaintiffs' original complaint there is no request for a search warrant, no search warrant issued, or a consent by the Plaintiffs to enter onto the Plaintiffs' property. The Plaintiffs cannot produce a search warrant or a request for a search warrant by Sycamore Township as none exists. The Defendants believe they are entitled to enter onto the Plaintiffs' property or that of any other property owner within Sycamore Township, by simply passing a nuisance resolution, providing no notice of the passage to the owner of the property searched, and then merely entering onto the property and taking whatever they desire without the benefit of notice or a hearing to the Plaintiffs. *Id.* The Defendants have been on notice since 2009 at a Sycamore Township Trustee Board Meeting not to enter onto to the Plaintiffs' real property which is documented in the records of Sycamore Township.

Defendant's Sycamore Township *Property Maintenance Code* requires that the "code official shall first make a reasonable effort to locate the owner or other person having charge or control of the structure or premises and request entry." *Section 103.4 Sycamore Property Maintenance Code.* "If entry is refused, the code official shall have recourse to the remedies provided by law to secure entry." *Id.* In Sycamore Township, the Defendant Trustees are the substitute for a judicial officer to grant its employees access to property in Sycamore Township.

When the Defendants state the notices sent by the Defendant were proper, the Sycamore Township *Property Maintenance Code* requires any notice to be delivered personally, sent by certified or first class mail, or if the notice is returned showing that the letter was not delivered, a copy thereof shall be posted in a conspicuous place in or about the structure affected by such notice.

14

*Section 107.3 Sycamore Property Maintenance Code.* The Defendants did none of the foregoing. More importantly, the purported resolutions impose additional obligations on the Defendants concerning notice, i.e., certified mail, and not removing motor vehicles until fourteen days after passage of the resolution, the Board's service of written notice, and notice is actually received by the Plaintiffs. The Defendants simply ignore said technicalities of service of notice on the Plaintiffs, and gain entry onto the Plaintiffs' property after notice to stay off the property without a warrant.

### 6. *Statutory Immunity*

The Plaintiffs have addressed the issue of statutory immunity as their acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities, and the actions of the Defendants were done with a malicious purpose, in bad faith, or in a wanton or reckless manner. R.C. 2744.03((A)(6). The first act in bad faith was failure to provide notice as required by *Sycamore Township's Property Maintenance Code* as previously articulated. The second act was the Defendants' entry onto the Plaintiffs' real properties, after being provided notice from the Plaintiff Al Gammarino to stay off the Plaintiffs' property. See attachment Exhibit D to the complaint. The third act was the failure of the Trustees to make even an effort to determine whether the Plaintiffs' motor vehicles were in fact "junk motor vehicles" as defined in R.C.505.173. The fourth act was the removal of the Plaintiffs' personal property in violation of R.C. 505.87 and R.C. 505.871 when the Trustees failed to serve the Plaintiffs with notice by certified mail of the passage of the Resolutions and Resolutions for Removal of Junk Motor Vehicles in violation of the law.

The Defendants assert there are "no factual allegations, plausible or otherwise, demonstrating that any of the individual defendants acted" with a malicious purpose, in bad faith or in a wanton and reckless manner. The Court's attention is invited to ¶43 - ¶108 which detail the Defendants' actions.

Since the *Mullane* case and before, the Supreme Court has recognized "when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The Defendants, despite Defendants' multiple attachments to the answer to the original complaint, have demonstrated that there was never service on any of the Plaintiffs as required by statute or Sycamore Township Resolutions. See Attachments A (wrong address and wrong zip code), B (wrong address, wrong zip code, and wrong party), C (wrong address, wrong zip code, and wrong party), E (wrong address and wrong party), F (wrong address, wrong zip code, and wrong party), H (wrong address), I (wrong address, no name, and no date), K (wrong address, no name, and no date), L (wrong address), N (wrong address and no name), O (wrong address), P (wrong address), S (no names, no date, and no zip code), U (no date and no name), V (no name and wrong address), and X (wrong address) to Defendants original answer to the first complaint. The foregoing documents were attached by the Defendants to the original answer to the complaint to allegedly justify notice was sent to the Plaintiffs. The Court's attention is directed to Exhibit I attached to the Plaintiffs' proposed complaint; the Defendants had the Plaintiff Al Gammarino's correct address since February 2, 2016. See Exhibit I attached to Plaintiffs' proposed complaint.

Further, the Defendants have demonstrated the Defendants trespassed on the Plaintiffs' property. The Defendants took a picture depicted in Exhibit J attached to the Defendants' original answer which reflects or shows the vehicle identification number taken by the Defendants and appended to their original answer. The vehicle identification number is located on the "rocker panel" of the vehicle. The Defendants entered onto the Plaintiffs' property and then opened the doors of the

16

motor vehicles to enable the Defendants to obtain the picture of the VIN number, all in violation of the Plaintiffs' specific instructions not to enter the Plaintiffs' properties.

To go even further concerning the Defendants' violation of the law, the Plaintiffs' vehicles were removed from the Plaintiffs property and not one letter was sent by any of the Defendants to any of the Plaintiffs concerning the disposition of the motor vehicles as required and provided in R.C. 4513.611. The Court's attention is directed to R.C. 4513.611 (A)(2)(f) which sets forth the requirements for the disposition of the Plaintiffs' motor vehicles. To date, the Plaintiffs have not received any notice of the disposition of the Plaintiffs' motor vehicles and contents inside the motor vehicles. The Defendants caused the removal of the Plaintiffs' vehicles and the Defendants failed to supervise the towing companies hired by Sycamore Township to insure all notices were sent to the Plaintiffs for the vehicles of the Plaintiffs removed. The Plaintiffs cannot identify the towing companies until discovery is undertaken.

Although the foregoing are *merely some* of the violations of the law by the Defendants, the Plaintiffs direct the Court to the oath of office of all of the Defendants to follow the law. The law in this case has simply been whatever the Defendants conjure at the time of the violation of the Plaintiffs' rights.

The Court is further directed to Exhibits M and O attached to the Defendants' answer to the Plaintiffs' first complaint. The Defendants are so concerned about the alleged "nuisance" on the Plaintiffs' property at 3700 East Galbraith Road, the Defendants pass a Resolution, Exhibit M, on January 19, 2021 and do not take any action or send a purported notice concerning the passage of the foregoing Resolution until May 12, 2021, which was sent to the wrong address for any of the Plaintiffs. See Exhibit O attached to the Defendants' answer to the initial complaint. Further, the

17

Defendants pass the resolution as an emergency resolution dispensing with the requirement to read the Resolution on two separate days and do not send any notice, even if to the wrong address, until four months later. See Section 5 of Exhibit M. Clearly, no "emergency" existed to justify such actions.

The Defendants assertion that the Defendants have "absolute immunity for legislative activity" certainly requires the Court to examine *Curry v. Village of Blanchester*, 12th Dist. Clinton Nos. CA2009-08-010, CA2009-08-012, 2010-Ohio-3368. In *Curry*, the Court also stated: the action of a local legislator is legislative if the underlying purpose is to establish general policy. If, however, the action singles out specific individuals and affects them differently from others, it is administrative. *Curry v. Village of Blanchester*, 12th Dist. Clinton Nos. CA2009-08-010, CA2009-08-012, 2010-Ohio-3368. The only persons singled out in this matter were the Plaintiffs.

### 7. *Negligence Is Insufficient*

Negligence is sufficient for the John Doe defendants

### 8. *Actions Relate to Legislative Actions*

The Defendants allege they are immune as the Plaintiffs' claims are based on legislative actions. The Plaintiffs recognize the right of the Trustees to pass legislation and are immune for their legislative passages. The Plaintiffs' claims are based on violations of the U.S. Constitution and statutes of the United States. See ¶ 32, 34, 36, 41, 53, 65, 77, 87, 97, 107, 144, and 175. The Defendant Sycamore Township enacted legislation, *Sycamore Township Property Maintenance Code*, which directs code officials that "if entry is refused, the code official shall have recourse to the remedies provided by law to secure entry." Section 104.3, *Sycamore Township Property Maintenance Code*. The Defendants simply ignored this provision of the *Property Maintenance*

18

*Code*, after the Plaintiff Al Gammarino advised the Defendants not to enter onto the Plaintiffs' property. The entry on the Plaintiffs' property without a warrant is not legislative.

The legislative action, although it has a myriad of problems such as lack of review at a minimum, even assuming no action can be brought for the passage of the various resolutions to hold the Trustees liable for removing the Plaintiffs' personal property, it is the carrying out of the legislation by the Defendants that is the issue. Administratively, the Defendants failed to comply with the terms and conditions of the various Resolutions and thus violated the Plaintiffs' rights by taking the Plaintiffs' property. In the *Sycamore Township Property Maintenance Code* the words debris and nuisance are not even defined in the *Sycamore Township Property Maintenance Code*.

### 9.    *Declaratory Judgment*

The Plaintiffs are withdrawing their request for declaratory judgement.

### 10.    *No Basis for Treble Damages*

With no immunity for the individual Defendants, there is no basis for denying the Plaintiffs the rights and remedies in R.C. 2307.60.

### 11.    *Punitive Damages Are Not Recoverable*

"It is only where the acts of state employees are motivated by actual malice or other [situations] giving rise to punitive damages that their conduct may be outside the scope of their state employment." *Curry v. Village of Blanchester*, 12th Dist. Clinton Nos. CA2009-08-010, CA2009-08-012, 2010-Ohio-3368 The Plaintiffs have pled with clarity why the Defendants' actions are outside the scope of their employment. ¶ 36, 44, 46, 49, 57, 58, 61, 69, 70, 73, 81, 91, 101.

The acts of the Defendants are/were clearly motivated by actual malice to the Plaintiffs as the notice requirements to owners of property whose rights will be affected have been the law for

years.   The actions of the Defendants are so divergent from the law that it severs the employer-employee relationship and entitles the Plaintiffs to punitive damages against the individual Defendants.   The Defendants acted with a malicious purpose when the Defendants ignored the Plaintiffs' rights against unreasonable search and seizure of the Plaintiffs' property after being placed on notice by the Plaintiff on multiple occasions.   The Defendants acted with a malicious purpose when the Defendants failed to serve the Plaintiffs with notice of the passage of the resolutions by certified mail as required by law.   R.C. 505.871 (C)(3).   The Defendants acted willfully and intentionally with a purpose to cause harm when none of the Defendants checked to determine if any of the Plaintiffs were properly served with notice as required by law.   The Defendants acted with a malicious purpose when the Defendant Miller was laughing as the Plaintiffs' personal property and building materials were removed from 3684 East Galbraith Road on June 14, 2021.  ¶ 123.

The Defendants, with total indifference to legislation passed or their duties pursuant to statutory law and Constitutional law, simply took all the Plaintiffs' motor vehicles and building materials.  The Plaintiffs did not believe it was humorous.

If there is no immunity, all damages are recoverable by the Plaintiffs except punitive damages against Sycamore Township.

/s/ Robert G. Kelly

ROBERT G. KELLY      (0002167)
Attorney for Plaintiffs
4353 Montgomery Road
Norwood, Ohio 45212
513-531-3636
513-531-0135 fax
kelly@rgkellylaw.com

CERTIFICATE OF SERVICE
I hereby certify that a copy was served through CMF this 17th day of April, 2023, and through the Court's ECF system.

/s/ Robert G. Kelly

20