UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| AL GAMMARINO, TRUSTEE, et al. | : | CASE NO. 1:22-CV-00200-DRC |
| Plaintiffs | : | Judge Cole |
| | | NOTICE OF FILING OF |
| vs. | : | PLAINTIFFS' RESPONSE TO |
| | | DEFENDANTS' OPPOSITION TO |
| SYCAMORE TOWNSHIP, et al. | : | PLAINTIFFS' MOTION FOR EXTENSION |
| | | OF TIME TO FILE NOTICE OF APPEAL |
| Defendants | : | |

Now comes Al Gammarino, Trustee, Al Gammarino, Cathy Gammarino, and Anthony Gammarino, by and through undersigned counsel, and for their response to Defendants' Opposition to Plaintiffs' Motion for Extension of Time to File a Notice of Appeal and state as follows:

The Defendants advance as a reason for denying the Plaintiffs' motion that the Plaintiffs' failed to justify an extension of time based on excusable neglect or good cause because "Plaintiffs have failed to establish that the tragic circumstances set forth in their motion prevented them from filing a timely notice of appeal."

The Plaintiffs filed a notice of appeal in this matter on February 22, 2024, which is one day past the thirty day period for the filing of a notice of appeal. Undersigned counsel requested an extension of time for the filing of an appeal "due to a death in the Plaintiffs' counsel's family and three other individuals diagnosed with diseases that are life threatening to the remaining three individuals."

The Defendants allege this case does not present the extraordinary circumstances to justify an extension of time. It pains the undersigned to even type this response as it calls into question the veracity of the undersigned. Undersigned counsel could not make up or otherwise conjure up more

1

"tragic circumstances" that still remain unfathomable to him. The individuals listed in the notice of appeal are all within the ages of 40-52 and all are afflicted with a life threatening disease/condition, and three of them are related to undersigned counsel's primary person who is afflicted with the disease. The undersigned counsel had a choice of caring for a loved one or simply being indifferent to the effects of the disease and the needs of his primary person. Undersigned counsel was caring for his primary person with the life threatening aspects of the disease getting closer by the day.

The Plaintiffs' counsel does not want to divulge in a public filing the names of the individuals with the illnesses, but Plaintiffs' counsel can explain that one of the individuals passed on January 24, 2024, as a result of the illness and the identities of the individuals and specific medical information were not required by the Defendants' counsel in the March 6, 2024, telephone conference with the Court. The primary individual related to the Plaintiffs' counsel has been undergoing treatment to arrest the disease with ineffective results from January 2024, that required constant care and attention by Plaintiffs' counsel. In addition, the primary person is related to the other three individuals involved, who are or were in various states of treatment for the same disease, that the health conditions of the individuals change or are modified based on the individual's physical condition almost on a daily basis. The primary person has endured to support the other individuals who are experiencing or were experiencing the same or similar treatments as the primary individual, while the primary individual discovers the treatment being received is not arresting the primary individual's medical condition.

An extension of time to file a notice of appeal is permitted by the district court if the party failing to file the timely notice of appeal can demonstrate excusable neglect or good cause. See Fed. R. App. P. 4(a)(5)(A)(ii). "Good cause will be found where forces beyond the control of the

appellant prevented him from filing a timely notice of appeal." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006). "Excusable neglect is determined by balancing several factors: the danger of prejudice to the other party; the length of the delay and potential impact on the proceedings; the reason for the delay, including whether it was within the party's reasonable control; and whether the movant acted in good faith." *United States v. Hills*, 27 F.4th 1155, 1172 (6th Cir. 2022) (addressing Federal Rule of Appellate Procedure 4(b)(4), applicable to criminal appeals). These factors "do not carry equal weight," however; "the excuse given for the late filing must have the greatest import." *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010) (quoting *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000)).

      Undersigned counsel will address the factors the Court is to consider:

a.    the danger of prejudice to the opposing party

      There is no prejudice to the opposing party by the granting of the extension.

b.    the length of the delay and its impact on the judicial proceedings,

      There is a one day delay in the extension requested which has not interfered with any briefing schedule and the matter has been set for mediation by the Sixth Circuit on May 23, 2024.

c.    whether the moving party acted in good faith.

      The Plaintiffs' counsel acted in good faith as counsel set forth the reason and basis for the extension in the notice of appeal and the reason for the delay in the filing of the appeal.

d.    The "most critical" consideration is the reason for the delay—including whether that reason was within the party's control.

      This is the "most critical" consideration by the Court and the Plaintiffs' counsel has set forth in the original notice of appeal the reason for the delay as diseases that are life threatening to

individuals directly related to the Plaintiffs' counsel. The issue then is the reason for the delay and whether that reason was within counsel's control. If the reason or medical condition was under the control of Plaintiffs' counsel, undersigned counsel can state emphatically it would have been addressed and resolved expeditiously. The best physicians were employed to attempt to arrest the condition and at the end of the day, it is simply not in the hands of any human to stop the disease and the only alternative was to deal with the disease, after effects of debilitating treatment, and provide physical care and support for the individual as the glide path for the remaining days continued to shorten. The remaining days of the illness required care and support, and most importantly the comforting of the primary individual. It is not a time limited care/support/ or comforting process as it is all consuming when attempting to deal with the impending loss and the needs of the individual affected, which care/support/ and comfort are relished.

Plaintiffs' counsel acted as quickly as possible in response to unforeseen events concerning the debilitating effects of treatment the Plaintiffs' counsel was presented. The treatments and the changes in the individuals' conditions concerning treatment changed in January 2024 and February 2024, changing outcomes for the individuals affected from hopeful to grim within weeks. Plaintiffs' counsel was not indifferent to this matter, as the court order was issued when one of the individuals was in hospice, the Plaintiffs' counsel's primary person progressed from palliative care to hospice care, and the need for supportive care became greater.

Under Fed. R. App. P. 4(a)(5). the District Court may extend the time to file a notice of appeal if a party moves for an "extension of time" at a time no later than 30 days after the time prescribed by this Rule 4(a) expires." 4(a)(5)(A)(i). and "that party shows excusable neglect or good cause." 4(a)(5)(A)(ii).

There are specific instances where courts have extended time due to the recent passing of an attorney's family member where the delay is minimal. See *Jones v. Giant of Maryland, LLC*, No. CIV.A.DKC 08-0304, 2010 U.S. Dist. LEXIS 97760, 2010 WL 3677017 at *7 (D. Md. Sept. 17, 2010) (granting motion to extend time due to the recent passing of counselor's family member and the minimal delay incurred by late filing). In addition, in Plaintiffs filed their request for an extension of time one day after the expiration of the appeal period, which was also during the time period the Plaintiffs' counsel already dealt with one death after the issuance of the decision, and the ongoing care of the family member of the Plaintiffs' counsel for a period of the months of January and February 2024 and continues to this day. See *Madukwe v. Capital One Fin. Corp.*. 2017 U.S. Dist. LEXIS 72349 (D. Md., May 10, 2017).

The Plaintiffs respectfully request to grant the delayed appeal due to circumstances beyond the Plaintiffs' counsel's ability to control. The Plaintiffs' counsel has demonstrated with this filing that something very bad occurred to a close family member and the notice of appeal could not be filed timely due to the care of that family member whose level of care increased dramatically in January 2024 and February 2024 as the result of failed medical treatment.

/s/ Robert G. Kelly
Robert G. Kelly (0002167)
Trial Attorney for Plaintiffs
4353 Montgomery Road
Norwood, Ohio 45212
(513) 531-3636
(513) 531-0135 fax
kelly@rgkellylaw.com

<u>CERTIFICATION OF SERVICE</u>

I hereby certify that a copy of the foregoing was sent to Jared A. Wagner, Esq., and Jane Michele

Lynch, Esq., Attorneys for Defendants by email this 8th day of March, 2024, and through the Court's ECF system.

    /s/ Robert G. Kelly
    Robert G. Kelly