## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**AL GAMMARINO, TRUSTEE, *et al.*,**

      **Plaintiffs,**

       **v.**

**SYCAMORE TOWNSHIP, *et al.*,**

      **Defendants.**

**Case No. 1:22-cv-200**

**JUDGE DOUGLAS R. COLE**

## <u>OPINION AND ORDER</u>

This case is now before the Court on a post-judgment motion. The Court previously granted Defendants judgment on the pleadings, but allowed Plaintiffs to seek leave to file an Amended Complaint. (Doc. 12). Plaintiffs did so, (Doc. 13), but the Court denied that motion, this time with prejudice, (Doc. 18, #462). Plaintiffs responded by filing a Notice of Appeal, but did so one day late. (Doc. 20). So Plaintiffs included in their notice a one-sentence request for an extension of time to file it. (*Id.* at #464). Specifically, Plaintiffs' counsel cited serious illnesses in four members of his family (including someone he characterizes in later briefing as his "primary person"), one of whom died, as the reason for the dilatory filing. (*Id.*; Doc. 24, #478). Defendants opposed the request. (Doc. 23). For the reasons briefly discussed below, the Court **GRANTS** Plaintiffs' Motion for Extension of Time to File a Notice of Appeal (Doc. 20).

## BACKGROUND[1]

Plaintiffs Al, Cathy, and Anthony Gammarino (the Gammarinos) own three properties in Sycamore Township, Ohio (the Township). (Doc. 13-1, #264, 267, 270). They stored vehicles and building materials at each. (*Id.* at #255, 263). So the Township's Agents and Trustees investigated the three properties and formally declared them all nuisances. (*Id.* at #264, 267, 270). The Agents then entered the Gammarinos' properties without their permission and removed the allegedly offensive vehicles and building materials. (*Id.* at #259, 263, 280–81).

The Gammarinos responded by suing the Township and its various Trustees and Agents. They alleged the Trustees and Agents did not follow state and federal law during these events, particularly in failing to provide them a notice and a hearing before abating the alleged nuisance, (Doc. 13-1, #259–64, #281). The Gammarinos initially filed in state court, (Doc. 2), but Defendants removed the action, (Doc. 1), and then sought judgment on the pleadings, (Doc. 5).

The Court granted that motion and dismissed the Gammarinos' Complaint. (Doc. 12, #248–49). But because it was a first dismissal, the Court granted the Gammarinos thirty days to seek leave to file an Amended Complaint, with the requirement that they attach the proposed Amended Complaint to their motion. (*Id.*).

The Gammarinos accepted that invitation and timely moved for leave to file an Amended Complaint. (Doc. 13). Defendants opposed. (Doc. 14). The Court again agreed with Defendants that the proposed Amended Complaint failed to clear the

---

[1] The Court recounts the background only briefly here. For a more detailed account, see the Court's previous Opinion and Order. (Doc. 18, #439–44).

plausibility hurdle, so it denied Plaintiffs leave to file. (Doc. 18, #462). And because the proposed Amended Complaint was the Gammarinos' second attempt to plausibly allege a claim against Defendants, the Court dismissed the case with prejudice. (*Id.*).

The Clerk entered judgment to that effect on January 22, 2024. (Doc. 19). The Gammarinos then filed a notice of appeal, but not until February 22, 2024—some 31 days later. (Doc. 20). Because the notice was not timely, they also sought an extension of time via a single sentence in that filing. (*Id.* at #464 ("The Plaintiffs request an extension of time for seven days due to a death in the Plaintiffs' counsel's family and three other individuals diagnosed with diseases that are life threatening to the remaining three individuals.")). Defendants opposed by arguing that the Motion for Extension of Time did not satisfy the standard for such motions, in part due to the motion's insufficient detail. (Doc. 23; *id.* at #475 ("Plaintiffs do not identify the third parties who allegedly died and/or were diagnosed with life threatening illness or their relationship to Plaintiffs' counsel … [nor] provide any details … [or] in any manner explain how those circumstances prevented Plaintiffs from filing a timely notice of appeal.")).

Following a telephone status conference, (3/6/24 Min. Entry), the Gammarinos replied, (Doc. 24). The Reply provided additional details, including that the Court issued its previous Opinion while one of the individuals in Mr. Kelly's—Gammarinos' counsel—family was in hospice. (*Id.* at #480 ("[T]he court order was issued when one of the individuals was in hospice, the Plaintiffs' counsel's primary person progressed from palliative care to hospice care, and the need for supportive care became

3

greater.")). It also notes that "Plaintiffs filed their request for an extension of time one day after the expiration of the appeal period." (*Id.* at #481).

## STANDARD OF REVIEW

"District courts have only limited authority to grant an extension of the thirty-day time limit for filing an appeal." *Jackson v. Chandler*, 463 F. App'x 511, 513 (6th Cir. 2012). That said, "a district court may grant a motion for an extension of time if the moving party 'shows excusable neglect or good cause,' provided the motion is filed within thirty days of the expiration of the time prescribed for filing an appeal." *Id.* (quoting Fed. R. App. P. 4(a)(5)(A)).[2] In terms of "excusable neglect," the Sixth Circuit has adopted a four-factor test:

> Whether neglect is excusable is an equitable determination that weighs all relevant circumstances, including [1] the danger of prejudice to the other party, [2] the length of the delay and its effect on the judicial proceeding, [3] the reason for the delay and whether it was within the moving party's control, and [4] whether the moving party acted in good faith. The excusable neglect standard is strict, and … attorney inadvertence generally does not constitute excusable neglect.

*Id.* (cleaned up) (adopting the factors listed in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Additionally, "the *Pioneer* factors do

---

[2] The Sixth Circuit has suggested that motions filed after the initial 30-day deadline set by Rule 4(a) has passed "may only be granted upon a showing of 'excusable neglect;' showings of 'good cause' are relevant only when the motion is filed before the expiration of the initial appeal period." *Curry v. Eaton Corp.*, 400 F. App'x 51, 56 (6th Cir. 2010). But that precedent is difficult to square with the current text of Federal Rule of Appellate Procedure 4(a)(5)(A). By its plain language, that rule allows a district court to grant an extension of the time to file a notice of appeal if both (1) a party makes such a motion within 30 days of the initial deadline and (2) "*regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires*, that party shows excusable neglect or good cause." *Id.* (emphasis added). In any case, because the Court finds the Gammarinos have shown "excusable neglect" here, the Court need not address whether parties can rely on "good cause" when they move for an extension of time after the initial 30-day deadline has passed.

not carry equal weight; the excuse given for the late filing must have the greatest import." *Id.* (cleaned up).

## LAW AND ANALYSIS

Before turning to the merits, the Court briefly touches on jurisdiction. "As a general rule, the district court loses jurisdiction over an action once a party files a notice of appeal, and jurisdiction transfers to the appellate court." *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993) (citing *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981)). But "the district court retains jurisdiction over an action when the notice of appeal is untimely[.]" *Id.* at 395. Here, Plaintiffs concede their appeal was untimely, and it was, so this Court has jurisdiction to proceed.

Turning to the merits, the four *Pioneer* factors summarized in *Jackson* favor granting the Gammarinos' Motion for Extension of Time. Take them in order, beginning with prejudice. Defendants do not argue that granting the Motion for Extension of Time would prejudice them. And the Court does not see how they could. True, granting an extension means Defendants would need to brief the appeal. But that cannot constitute "prejudice," as otherwise prejudice would always be present when granting an extension. Rather, the more appropriate inquiry is whether the non-moving party took steps following judgment in reasonable reliance on the apparent finality of that judgment. *Cf. Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) ("We see nothing indicating Anchor Glass was lulled or otherwise prejudiced by the untimely filing; rather, the settlement discussions and continuing discovery indicate that both parties expected to continue litigating

regardless of the arbitration panel's decision."). Under that standard, "in the typical case, … the prejudice to the non-movant will often be negligible, since the Rule requires a 4(a)(5) motion to be filed within thirty days of the last day for filing a timely notice of appeal." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (cleaned up). That is certainly true here given the motion was untimely by only one day. So the first factor favors granting the motion.

The same is true of the second factor—the length of delay and its effect on the proceedings. The Gammarinos filed their notice of appeal the day following the deadline. And the Court can discern no impact on the proceedings from that delay. So that factor also supports granting the Gammarinos' motion.

The third, and admittedly most important, factor, *see Jackson*, 463 F. App'x at 513, is a closer call. On one hand, "the filing of a notice of appeal does not require much thought or time[.]" *Baker v. Raulie*, 879 F.2d 1396, 1400 (6th Cir. 1989) (cleaned up). And, despite saying his family members were extremely ill from the time judgment was entered up to the deadline for appeal, Mr. Kelly never explains precisely how or why their illness prevented him from preparing such a short, routine filing. *See Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006) ("The district court properly noted that, while lengthy incapacitating illness might constitute good cause, Nicholson gave no details of the duration of her medical treatment which would indicate that she had been unable to file a notice of appeal within thirty days of the court's order.").

On the other hand, the illnesses here were not "within the moving party's control." *Jackson*, 463 F. App'x at 513. And, while "a district court is [not] compelled to find excusable neglect" based on illness, "a district court's finding of excusable neglect in the context of illness may withstand review for an abuse of discretion." *Proctor v. N. Lakes Cmty. Mental Health*, 560 F. App'x 453, 459 (6th Cir. 2014). One court has even gone so far as to say that "a serious and sudden illness of an attorney, party, or close relative *would likely meet* the standard [for excusable neglect]." *In re Edwards*, No. 17-8028, 2018 WL 2717237, at *7 (B.A.P. 6th Cir. June 5, 2018) (emphasis added), *aff'd,* 748 F. App'x 695 (6th Cir. 2019). And other courts have suggested that a serious illness or recent death in the attorney's immediate family should be treated much as though it were the attorney him- or herself who was ill in determining whether neglect was excusable. *See In re Schultz*, 254 B.R. 149, 154 (B.A.P. 6th Cir. 2000) (Counsel "was suddenly and unexpectedly preoccupied with the physical and psychological care of his extremely ill wife[.] … Because of the severity of the illness at issue and the close familial relationship[,] … [this is] analogous to a situation in which the attorney is the one who is seriously ill."); *Local Union No. 12004, United Steelworkers of Am. v. Massachusetts*, 377 F.3d 64, 72 (1st Cir. 2004) (noting that either granting or denying a motion for extension based on the illness of the attorney's child would not have been an abuse of discretion); *Jones v. Giant of Maryland, LLC*, No. 08-0304, 2010 WL 3677017, at *7 (D. Md. Sept. 17, 2010) ("[I]n light of the recent passing of a family member of Plaintiff's counsel and the minimal

delay caused by the late filing, Plaintiff's request for enlargement of time will be granted.").

Against that backdrop, the Court concludes the facts here satisfy the third factor, if barely. Mr. Kelly refers to his "primary person" as one of those seriously ill, which suggests that person has a close familial relationship to him. (Doc. 24, #478). And his representations that one person died, while others (including his "primary person") entered hospice, convey that all four relatives' illnesses were severe. (*Id.* at #477, 480). The Court can imagine that his efforts as a caregiver to his "primary person" and these other family members may well have caused him to overlook the looming deadline to file his clients' notice of appeal.

Finally, the Court notes that the fourth factor—good faith—also supports granting the Gammarinos' motion. Nothing in the record suggests Plaintiffs are acting in bad faith, or that they are engaged in dilatory tactics. So, making "an equitable determination that weighs all relevant circumstances," *Jackson*, 463 F. App'x at 513 (cleaned up), the Court finds that the balance of the *Pioneer* factors supports a determination that Mr. Kelly's neglect here was excusable. Accordingly, it grants the Gammarinos' Motion for Extension of Time.

And, as the Gammarinos have already filed an (untimely) notice of appeal (Doc. 20), the "Court will deem Plaintiff's already-filed notice of appeal as timely filed on the date this Order is entered." *Harris v. Biddle*, No. 2:18-cv-2631, 2021 WL 3008277, at *2 (W.D. Tenn. July 15, 2021).

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiffs' Motion for Extension of Time to File a Notice of Appeal (Doc. 20). As of the date of this Order, the Gammarinos' already-filed Notice of Appeal (Doc. 20) shall be deemed timely filed as to the Court's final judgment in this matter (Doc. 19).

**SO ORDERED.**

March 29, 2024
_____
**DATE**

_____
**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

9